**ZUELZKE TOOL & ENGINEERING COMPANY, INC., a Wisconsin corporation, Plaintiff,**

v.

**ANDERSON DIE CASTINGS, INC., an Illinois corporation, Defendant.**

No. 89–C–488.

United States District Court,
E.D. Wisconsin.

Feb. 23, 1990.

Michael J. Cramer, Cedarburg, Wis., for plaintiff.

William S. Porter, Milwaukee, Wis., for defendant.

## DECISION and ORDER

MYRON L. GORDON, Senior District Judge.

The defendant, Anderson Die Castings, Inc., has filed a motion pursuant to Rule 60(b), Federal Rules of Civil Procedure, requesting relief from the default judgment entered in favor of the plaintiff, Zuelzke Tool & Engineering Company, on July 5, 1989. For the reasons stated below, the motion will be denied.

A motion to vacate a default judgment pursuant to Rule 60(b) may be granted if the defendant: (1) shows good cause for the default; (2) undertakes quick action to correct it; and (3) alleges a potentially meritorious defense to the plaintiff's complaint. *U.S. v. DiMucci,* 879 F.2d 1488,

1495 (7th Cir.1989). Application of this standard requires the court to balance the goal of providing litigants an opportunity to contest the merits of the dispute with the practical requirements of judicial administration. *North Central Illinois Laborers' District Council v. S.J. Groves & Sons Co.,* 842 F.2d 164, 167 (7th Cir.1988).

> "Rule 60(b) is applied liberally in the default judgment context only in the exceptional circumstances where the events contributing to the default judgment have not been within the *meaningful control* of the defaulting party, or its attorney." (Emphasis in *Groves*)

*Id.* (*quoting C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.,* 726 F.2d 1202, 1206 (7th Cir.1984)).

■ On April 28, 1989, the plaintiff filed a complaint alleging that Anderson Die Castings, Inc. broke a contract during the summer of 1987. The complaint was served on one Kate Anderson at the established business address of Anderson Die Castings, Inc. by a Cook County, Illinois, deputy sheriff on May 5, 1989. Eight days prior to the filing of the complaint, Anderson Die Castings, Inc. had changed its corporate name to First Wheeling, Inc., having sold its prior corporate name and substantial corporate assets to another corporation. Nevertheless, the affidavits on file establish that Anderson Die Castings, Inc. received the complaint and consulted with counsel prior to the date by which an answer or responsive pleading was due.

The defendant alleges the following as the basis for its motion: that it was not properly served; that it is not the same corporation with which the plaintiff has done business; that the plaintiff's counsel knew this at the time it filed for default judgment; and that no answer was filed because the defendant had been advised that efforts were being made to substitute the company with whom the plaintiff had done business as the sole defendant.

David A. Slack, an officer of the new Anderson Die Castings Inc., avers as follows:

> Affiant, acted in the belief that the documents referred to a transaction in which First Wheeling, Inc. may have been involved, and received assurance from an officer of First Wheeling, Inc. at the time he received the copies of the summons and complaint, that any liability to Zuelzke was First Wheeling, Inc.'s sole responsibility. Shortly thereafter, affiant was informed by counsel that in the Federal Courts a summons and complaint may be mailed to a defendant but if service is not acknowledged or waived in writing, actual service must be effected. Affiant was advised to not take action because efforts were being made to have First Wheeling, Inc. substituted and served as the sole defendant. Affiant, believing that First Wheeling, Inc. would be substituted as the sole defendant, did nothing further to respond to the summons and complaint.

Counsel for the plaintiff avers that he received a phone message from William Porter on May 18, 1989. Mr. Porter is counsel for both Anderson Die Castings, Inc. and First Wheeling, Inc. in the case at bar. Counsel for the plaintiff also received a phone call from Frank G. Siepke on May 16, 1989. It is disputed whether Mr. Siepke represented himself as counsel for First Wheeling, Inc, or for the new Anderson Die Castings, Inc. The affidavits establish that the attorneys for the named parties, no later than late July 1989, discussed the default judgment that had been entered on July 5, 1989.

The essence of Anderson Die Castings' assertion of good cause is that it was advised not to answer the complaint because steps were being taken to substitute First Wheeling, Inc. as the sole defendant. The court concludes that Anderson Die Castings, Inc. has failed to establish good cause for its default. Any effort to substitute a party would have required service on the named defendant. In any event, simple follow-up by the defendant or its counsel would have confirmed that no substitution had been accomplished.

■ Furthermore, an indication that efforts are to be made to substitute a party as the named defendant does not alleviate the named defendant of its obligation to

respond to the complaint in the absence of the actual accomplishment of the substitution. The affidavits establish that the defendant consulted counsel after it received a copy of the summons and complaint. Mr. Porter, counsel for both Anderson Die Castings, Inc. and First Wheeling, Inc., attempted to contact the plaintiff's counsel before the deadline for the filing of an answer. Under these facts, the defendant has failed to establish that "the events contributing to the default judgment have not been within the *meaningful control* of the defaulting party or its attorney." *S.J. Groves,* 842 F.2d at 167; *see also Pyramid Energy v. Heyl & Patterson,* 869 F.2d 1058, 1063 (7th Cir.1989).

 The defendant's motion must also be denied because the defendant failed to undertake prompt action to vacate the default. The default judgment was entered on July 5, 1989, and, as previously noted, Anderson Die Castings, Inc. was aware of the default judgment at least by late July 1989. However, the instant motion to vacate the default judgment was not filed until November 29, 1989, four months later. *See Passarella v. Hilton International,* 810 F.2d 674, 677 (7th Cir.1987) (granting motion to vacate default judgment in part because defendant acted promptly upon learning of default judgment); *Ticketron v. Record Museum,* 92 F.R.D. 6, 7 (E.D.Pa.1981) (granting motion to vacate in part because defendant filed motion within 2 days of learning of default judgment).

■ Anderson Die Castings, Inc. has also filed a motion to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure, and First Wheeling has filed a motion to intervene as a defendant pursuant to Rule 24, Federal Rules of civil Procedure. Neither motion may be considered since the defendant's motion to vacate the default judgment will be denied.

Anderson Die Castings, Inc. was afforded full and timely notice of the impending lawsuit, and, shortly thereafter, was actually sued. Proper service was accomplished, but the defendant apparently assumed that a sleight-of-hand change of corporate identities had camouflaged its need to answer the complaint. It furthered this hocus-pocus by engaging several attorneys and ignoring its basic obligation to confront the plaintiff's action in a timely fashion. Its motion to obtain relief from the judgment was filed four months after it had learned of the default judgment and is blatantly tardy. The defendant has forfeited its right to contest Zuelzke's judgment.

Therefore, IT IS ORDERED that Anderson Die Castings, Inc.'s motion for relief from default judgment pursuant to Rule 60(b), Federal Rules of Civil Procedure, be and hereby is denied, with costs.