**ZUELZKE TOOL & ENGINEERING CO., INC., Plaintiff–Appellee,**

v.

**ANDERSON DIE CASTINGS, INC., Defendant–Appellant.**

**No. 90–1691.**

United States Court of Appeals, Seventh Circuit.

Argued Nov. 14, 1990.
Decided Feb. 22, 1991.

Michael Cramer, Wolfgram & Cramer, Cedarburg, Wis., for plaintiff-appellee.

William S. Porter, Fox, Carpenter, O'Neill & Shannon, Milwaukee, Wis., for defendant-appellant and intervenor-appellant.

Before CUDAHY, RIPPLE and KANNE, Circuit Judges.

KANNE, Circuit Judge.

In this case we determine that the district court, 129 F.R.D. 532, correctly declined to vacate a default judgment under Federal Rule of Civil Procedure 60(b).

## I. FACTS

The underlying facts concern a dispute over the amount owed to Zuelzke Tool & Engineering Co., Inc., a Wisconsin corporation, for services rendered to Anderson Die Castings, Inc., an Illinois corporation, for the design and installation of die casting equipment in 1987. Correspondence regarding the contractual dispute was carried on between counsel for Zuelzke and the president of Anderson Die Castings, Inc. during November of 1988.

In March of 1989 a series of unexplained corporate maneuvers took place. First, on March 24, 1989, a company called Anderson Continuation Corporation was incorporated. Then, seven days later, on March 31, 1989, Anderson Die Castings, Inc., amended its articles of incorporation and changed its name to First Wheeling, Inc. Finally, on the same date, Anderson Continuation Cor-

poration amended its articles of incorporation and changed its name to Anderson Die Castings, Inc. Thus, Anderson Die Castings, Inc. became First Wheeling, Inc., and Anderson Continuation Corporation became Anderson Die Castings, Inc.

On April 28, 1989, Zuelzke brought suit against Anderson Die Castings, Inc. alleging that it owed Zuelzke $106,402.60 plus interest for the work done in 1987. The action was filed in the Eastern District of Wisconsin under diversity jurisdiction. Service of the summons and complaint was made on May 5, 1989, by delivery to Kate Anderson,[1] then an employee of the reconstituted Anderson Die Castings, Inc.

Neither Anderson nor anyone on its behalf filed an answer or other responsive pleading in the case pending in the Eastern District of Wisconsin. On May 31, 1989, Zuelzke submitted a request to the court for an entry of default against Anderson. On the same date the clerk entered the requested default.

On June 23, 1989, the district court found that the complaint and summons had been served on Anderson and no answer or responsive pleading had been filed within the time required by the Federal Rules of Civil Procedure. The court directed that a default judgment be entered in favor of Zuelzke and against Anderson in the sum of $113,964.74. That judgment was entered on July 5, 1989.

More than four months later, on November 29, 1989, Anderson filed a motion to vacate the default judgment pursuant to Rule 60(b) and a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Also on that date, First Wheeling, Inc. sought leave to intervene and file an answer to Zuelzke's complaint. Both Anderson and First Wheeling, Inc. contended that Wheeling, not Anderson, was responsible for any amount due Zuelzke for the work done in 1987. The gist of its argument was that "old" Anderson Die Castings, Inc. sold its name and approximately sixty percent of its assets to Anderson Continuation Corporation, Inc., and that the Continuation Corporation, then reconstituted as Anderson Die Castings, Inc., did not assume any outstanding liabilities of the "old" Anderson Die Castings, Inc. Rather, First Wheeling, Inc. became the successor to the business interests of "old" Anderson Die Castings, Inc., retaining approximately forty percent of its predecessor's corporate assets and assuming any liability incurred prior to the sale.

In September of 1989, while the Anderson and Wheeling motions were pending in district court, Zuelzke sought to register its federal judgment with the Circuit Court of Cook County, Illinois. Seeking to avoid execution of the judgment, Anderson and Wheeling filed a motion in state court to set aside the registration of the federal judgment. On January 26, 1990, Wheeling offered and the Cook County Circuit Court accepted a pledge of collateral consisting of $50,000 cash and $500,000 equity in real estate. Execution was stayed pending disposition of Anderson's motion in federal district court to vacate the default judgment.

On February 23, 1990, the district court in a memorandum of decision and order denied Anderson's motion for relief from the default judgment.[2] Anderson sought reconsideration which likewise was rejected on April 3, 1990, because Anderson divested the district court of jurisdiction by filing a simultaneous notice of appeal.

## II. ANALYSIS

The district courts are given wide latitude in deciding motions under Rule

---

**1.** At oral argument, appellant conceded that Kate Anderson was employed at the same business address by both the "old" Anderson Die Castings, Inc., and then by the reconstituted Anderson Die Castings, Inc. This was true with all the employees of the "old" Anderson Die Castings, Inc.

**2.** Because the district court refused to vacate the default judgment against Anderson, it declined to consider Wheeling's motion to intervene.

Wheeling was never made a party to the proceedings below. An entity that is not a party to the record and judgment of the district court is not entitled to appeal therefrom. *Rogers v. Nat. Union Fire Ins. Co.,* 864 F.2d 557, 560 (7th Cir. 1989); *U.S. v. De La Cruz,* 870 F.2d 1192, 1194 (7th Cir.1989). Wheeling has not sought leave from this court to intervene and thus it is not a party to this appeal.

60(b), and the denial of a Rule 60(b) motion to vacate a judgment is reviewed by this court under an abuse of discretion standard. *Williams v. Hatcher*, 890 F.2d 993, 995 (7th Cir.1989). Parties seeking to set aside default judgments face a formidable task as recent cases disclose. *See, e.g., In re State Exchange Finance Co.*, 896 F.2d 1104 (7th Cir.1990); *North Cent. Illinois Laborer's Dist. Council v. S.J. Groves & Sons Co.*, 842 F.2d 164 (7th Cir.1988); *Hal Commodities Cycles Management Co. v. Kirsh*, 825 F.2d 1136 (7th Cir.1987); *Dimmitt & Owens Financial, Inc. v. United States*, 787 F.2d 1186, 1192 (7th Cir.1986).

■ The entry of a default judgment can be vacated under Rule 60(b) if a party shows (1) good cause for its default; (2) quick action to correct it; and (3) a meritorious defense. *United States v. Di Mucci*, 879 F.2d 1488, 1495 (7th Cir.1989).

In asking us to vacate the district court's denial of relief from the default judgment, Anderson raises a number of issues. Primarily, however, it argues that its failure to respond to Zuelzke's complaint constituted excusable neglect. Anderson also contends that it was entitled to notice of the motion for default judgment because it had made a *de facto* appearance in the case—and thus the entry of default judgment without notice was improper.

## EXCUSABLE NEGLECT UNDER RULE 60(b)

### 1. Good Cause

■ Anderson concedes that it received the summons and complaint filed by Zuelzke. However, it contends that it notified an unidentified official of First Wheeling, Inc. of the pending litigation and was advised to take no further action because "efforts were being made to have First Wheeling, Inc. substituted and served as the sole defendant." Anderson therefore asserts that the events leading to entry of the default judgment against it were beyond its meaningful control, claiming that it did not respond to the complaint because of its reliance on the representations of Wheeling.

In an apparent effort to show that its reliance was justified, Anderson states that on two occasions in May, 1989, counsel for Wheeling contacted Zuelzke's attorney, representing that Wheeling was the proper defendant and that Wheeling's counsel attempted to negotiate a settlement.

If Anderson relied on the assurances of Wheeling that it would obtain a substitution of parties, Anderson voluntarily chose not to exercise control over its own fate in the pending litigation. Regardless of any reliance on Wheeling, Anderson continued to have the legal authority and responsibility to directly assert any and all defenses or objections to the claims made by Zuelzke.

It is true that where exceptional circumstances demonstrate that the events contributing to a default judgment were not within the meaningful control of the defaulting party, Rule 60(b) relief may be warranted. *S.J. Groves*, 842 F.2d at 167 (citing *C.K.S. Engineers, Inc. v. White Mountain Gypsum Co.*, 726 F.2d 1202, 1205 (7th Cir.1984)). However, where a party willfully, albeit through ignorance or carelessness, abdicates its responsibilities, relief from judgment under Rule 60(b) is not warranted. *Id.* at 167.

Anderson's conduct may be fairly described, at best, as careless. But careless reliance by Anderson on Wheeling to remove Anderson from the case was no less than a deliberate and willful abdication of Anderson's legal responsibility to protect its own interests in the litigation. Anderson was not diligent in protecting its interests and there is no showing that it was misled by Zuelzke into believing that no harm would come to it through its failure to act. A careless attitude or even a genuine misunderstanding between the corporate entities, Anderson and Wheeling, is insufficient to describe Anderson's abdication of control over its own fate as "excusable" neglect. It is not simply neglect which warrants relief under Rule 60(b) but rather "excusable" neglect. Anderson did not show good cause for the invocation of Rule 60(b) relief.

## 2. Prompt Action

■ Even if we had found good cause for Anderson's abdication of its duty to respond to the complaint, there is no indication that it acted promptly to set aside the default judgment. While Anderson argues that it responded promptly with "informal" efforts to settle the dispute, the only conduct it offers in this regard are attempts by Wheeling to accept liability and negotiate with Zuelzke. Anderson does not offer any examples of its own "prompt" efforts to obtain relief from the default judgment. Anderson learned of the judgment against it sometime in July of 1989 but did not seek relief from the judgment in federal court until November 29, 1989. It should have been obvious to Anderson that reliance on Wheeling was misplaced when it learned of the entry of the default judgment. However, Anderson again chose to take no formal action until four months later—after Zuelzke registered its judgment with the Circuit Court of Cook County. Anderson's conduct to protect itself in district court could hardly be described as prompt.

## 3. Meritorious Defense

■ Anderson's allegation of a meritorious defense is simply that by the time Zuelzke brought its suit in April of 1989, Anderson Die Castings, Inc. was not the same Anderson Die Castings, Inc. that had received goods and services from Zuelzke in 1987. A theory which the district court understandably described as "slight of hand" and "hocus-pocus". However, we need not pause long on the issue of a meritorious defense. Even if one exists, standing alone, it cannot excuse carelessness. *Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1062 (7th Cir.1989). Anderson has not shown that it had good cause for its failure to act and regardless of whether it had a meritorious defense, it failed to present its defense to the court in a timely manner.

### APPEARANCE AND NOTICE UNDER RULE 55(b)(2)

■ Finally, Anderson argues that the default judgment against it should have

been vacated because Federal Rule of Civil Procedure 55(b)(2) required Zuelzke to give it notice of its application for default judgment. Anderson cites the provision in Rule 55(b)(2) which states "if the party against whom judgment by default is sought has appeared in the action, the party ... shall be served with written notice of the application for judgment at least three days prior to the hearing on such application." Anderson argues that "has appeared" under Rule 55(b)(2) has been read not to require the actual filing of an appearance in the district court but simply to require some indication that a party exhibits a clear purpose to defend a suit. For this proposition Anderson cites *Muniz v. Vidal,* 739 F.2d 699 (1st Cir.1984); *Charlton L. Davis & Co. v. Fedder Data Center, Inc.,* 556 F.2d 308 (5th Cir.1977); and *Livermore Corp. v. Aktiengesellschaft Gebruder Loepfe,* 432 F.2d 689 (D.C.Cir.1970). Thus, claims Anderson, because there were informal settlement negotiations with Zuelzke, Anderson made an "appearance" sufficient to require Zuelzke to give it notice of Zuelzke's intention to obtain a default judgment—and without the required notice a default judgment was improper.

We rejected this broad interpretation of Rule 55(b)(2) in *S.J. Groves,* 842 F.2d at 169–70. Giving plain meaning to its language dictates that a party "has appeared in the action" under Rule 55(b)(2) only where that party has actually made some presentation or submission *to the district court* in the pending action. Such an interpretation is consistent with traditional and accepted legal parlance in which "appearance" is defined as "a coming into court as a party to a suit, either in person or by an attorney, whether as plaintiff or defendant." *Black's Law Dictionary* 89 (5th Ed.1979). Moreover, it is a disservice to the legal system to distort the meaning of a concrete term such as "appearance" in order to provide a mechanism to save a party from a default judgment. Efficient court management and reliability of judicial process is enhanced by court records which disclose the critical procedural actions of the parties—such as the entry of an appearance. This minimal formal require-

ment does not deprive a district judge the opportunity to grant relief from a default judgment where warranted. If, for example, a defaulted party is lulled or induced into inaction by settlement discussions and foregoes filing an appearance and responsive pleading, relief may be sought on the basis of such conduct under the provisions of Rule 60(b)(1)—without artificial reliance on Rule 55(b)(2).

In this case, no appearance in district court was made by Anderson prior to entry of the default judgment and no notice was due Anderson under Rule 55(b)(2). We also note that there is no indication that Anderson's failure to make some presentation or submission to the district court prior to default was induced by Zuelzke.

### III. CONCLUSION

Anderson has not demonstrated excusable neglect under Rule 60(b) nor was it entitled under Rule 55(b)(2) to notice of Zuelzke's application for default judgment. The district court did not abuse its discretion in declining to vacate the default judgment entered against Anderson. The decision of the district court is AFFIRMED.