**CITICORP MORTGAGE, INC.,
a corporation, Plaintiff,**

v.

**Kenneth Edward LEONARD,
et al., Defendants.**

**No. 91 C 7204.**

United States District Court,
N.D. Illinois,
Eastern Division.

April 21, 1994.

Stanley W. Papuga, Kropik, Papuga & Shaw, Chicago, IL, for plaintiff.

Kevin M. Brill, Kevin M. Brill & Associates, Chicago, IL, for defendants.

*MEMORANDUM OPINION
AND ORDER*

MAROVICH, District Judge.

Defendants, Kenneth and Lois Leonard ("the Leonards"), brought this Motion to Vacate the Judgment of Foreclosure and Sale pursuant to Fed.R.Civ.P. 60(b) alleging that they believed a payment made to the Plaintiff, Citicorp Mortgage, Inc. ("Citicorp"),

would stop Plaintiff from proceeding against them in this matter.

Frustratingly so, both parties have failed to present a complete statement of facts to the Court for review. Many details of the mortgage and the payment schedule are lacking and would have aided the Court in its determination. The following facts have been gleaned from the parties' papers. On November 8, 1991, Citicorp filed a Complaint to Foreclose the Leonard's mortgage. Two months later, on January 6, 1992, Lois Leonard filed a Chapter 13 petition and the confirmation date was set for March 27, 1992. During the bankruptcy proceedings, Lois Leonard failed to make all of the current mortgage payments and failed to comply with the Chapter 13 plan and so Citicorp moved to lift the stay in order to proceed against the Leonards. On May 21, 1993, the automatic stay was lifted in the case. Six days after the stay was lifted, on May 27, 1993, Lois Leonard tendered to Citicorp a check in the amount of $5,968.27 which was the amount which she believed would bring the mortgage current post-petition through May of 1993.

On June 2, 1993, Citicorp mailed a Notice of Motion to the Leonards advising them that on June 9, 1993 an Order of Default and Judgment of Foreclosure and Sale would be presented to this Court for entry. Apparently, the next day, and unknown to Citicorp's attorney, Citicorp cashed the Leonard's check for $5,968.27. On June 9, however, Citicorp's counsel appeared in this Court and requested the Order of Default. At that time, neither the Leonards nor their attorney appeared in court and this Court granted the motion. On September 15, 1993, a foreclosure sale was conducted by a Special Commissioner pursuant to the Judgement of Foreclosure and Sale. On October 12, 1993, a Notice of Motion was mailed to the Leonards advising them that on October 19, 1993 Citicorp would present an Order Confirming Report of Sale to the Court for entry. On October 19, 1993, Citicorp did just that and this Court entered the Order Confirming Sale.

The Leonards assert that Citicorp should not have moved against them after receiving the check in excess of five thousand dollars because they believed that would bring the mortgage current post-petition. They further allege that they did not receive notice of the October 19, 1993 motion to confirm the Report of Sale until October 25, 1993, after the order was already entered. Surprisingly, the Leonards did not move the Court for an order vacating the Sale immediately pursuant to Fed.R.Civ.P. 59; in fact, the Defendants moved to vacate the sale on December 1, 1993.

## DISCUSSION

Rule 60(b) relief is "an extraordinary remedy and is granted only in exceptional circumstances." *C.K.S. Engineers, Inc. v. White Mountain Gypsum Company*, 726 F.2d 1202, 1205 (7th Cir.1984). In fact, the Seventh Circuit has held that in the interests of controlling the court's docket, district court judges must be afforded wide latitude in declining 60(b) motions. *See Zuelzke Tool & Engineering Co., Inc. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 228–29 (7th Cir.1991).

With this understanding of the limited nature of relief allowable under Rule 60, we must also weigh this circuit's "well-established policy favoring trial on the merits over a default judgment." *White Mountain Gypsum*, 726 F.2d at 1205. We must weigh into our consideration the competing goals of allowing "a defaulting party an opportunity to contest the merits of the dispute with the practical requirements of judicial administration." *North Cent. Illinois Laborers' Dist. Council v. S.J. Groves & Sons Co.*, 842 F.2d 164, 167 (7th Cir.1988).

Rule 60(b) states in relevant part:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence ...; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged ...; or (6) any other reason

justifying relief from the operation of the judgment. . . .

Fed.R.Civ.P. 60. Defendants do not indicate which subsection of Rule 60 applies here and so we must determine which subsection, if any, applies to the facts before us. The Leonards do not allege mistake, newly discovered evidence, or fraud. It is possible that they are alleging that the judgment has been satisfied, at least in the sense that they believe that by tendering the check to Citicorp they brought the mortgage up to date. Most likely, however, they are alleging that this falls within the catch-all section of Rule 60 which allows this Court to afford relief from judgment for any other reason justifying relief.

Unfortunately for the Leonards, their attempt to vacate this order constitutes a case of "too little, too late." If we review the background facts carefully, it is easy for this Court to see the numerous opportunities afforded to the Leonards to remedy this default situation. From the inception of this action, the Leonards have failed to respond to notices sent to them regarding the proceedings in this Court. First, the suit was filed on November 8, 1991 and the Leonards were served with a summons and a copy of the Complaint on December 11, 1991. In response, Lois Leonard filed a Petition for relief in the United States Bankruptcy Court for the Northern District of Illinois.

Lois Leonard did not make all of the current mortgage payments or comply with the requirements of the Chapter 13 plan. On May 13, 1993, an order was entered in the bankruptcy proceeding allowing Plaintiff to proceed in this action. Copies of the order were sent to both the debtor and her attorney and another copy was faxed to the attorney. On June 2, 1993, Citicorp mailed a Notice of Motion to the Leonards advising them that on June 9, 1993 an Order of Default and Judgment of Foreclosure and Sale would be presented to the Court for entry. Despite this Notice, the Leonards did not appear on June 9, 1993. Their only reason for not acting was that they believed that the check which they sent to Citicorp would somehow remedy the default. However, they never spoke with anyone at Citicorp,

they never spoke with the Citicorp attorney, and most importantly, they never appeared before this Court to inform the Court that they held this personal belief that the payment would cure the situation. In fact, the payment does not reinstate the loan pursuant to Section 15–1602 of the Illinois Code of Civil Procedure.

The next time the Leonards were given an opportunity to investigate the mortgage foreclosure was in August. On August 11, 1993, the Leonards received a letter from Citicorp which informed them that Citicorp was returning a check which the Leonard's had sent as a mortgage payment because: "As you know, your loan is in foreclosure." Upon receipt of this letter, the Leonards failed to call their attorney, contact Citicorp, contact the Citicorp attorney, or make a motion to this Court to vacate the Order of Foreclosure.

Then on October 12, 1993, the Leonards were sent a Notice of Motion advising them that Citicorp would present an Order Confirming Report of Sale to the Court for entry on October 19, 1993. The Leonards did not appear in Court at that time to object to the sale. Although the Court has before it a copy of that Notice, the Leonards claim that they did not receive that Notice until October 25, 1993. Even if the Court were to take this assertion as true, then the Leonards could have come before the Court on a motion to reconsider that Order of Sale within the ten day time period allowed under Fed.R.Civ.P. 59. The Leonards failed to do so.

Instead, the Leonards bring this Motion to Vacate nearly six months after the Order was entered on the Judgment of Foreclosure. Without alleging any excusable neglect or justifiable reasons for being so late in this motion, the Leonards ask this Court to vacate its order due to the subjective and unfounded personal belief that they held and which they believe should relieve them of this judgment. This subjective belief does not fall within any of the delineated subsections of Rule 60 nor does it explain the Leonards lack of due diligence in defending against this action. By failing to set forth a meritorious defense and failing to respond to the numerous opportunities available to them at which

time they could have sought relief, we find their tardy effort to be a classic example of "too little, too late."

If the Leonards believe that they have a meritorious defense to this foreclosure action, then they will need to address their concerns to the appellate court, because this Court finds no support to vacate its order.

### CONCLUSION

For the foregoing reasons, Defendants' Motion to Vacate Judgment of Foreclosure and Sale is denied.