70 F.3d 1275
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
6611 SOUTH INGLESIDE, et al. Defendants.
Appeal of Gloria STEELE, Defendant-Appellant.
 No. 94-3330.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 29, 1995.*
Decided Nov. 16, 1995.
 
 Before CUMMINGS, BAUER and COFFEY, Circuit Judges.
 
 ORDER
 
 1
 Gloria Steele appeals the district court's denial of her motion pursuant to Federal Rules of Civil Procedure 55 CR and 60(b) to set aside a default judgment in a civil forfeiture action pursuant to 18 U.S.C. Sec. 981 and 21 U.S.C. Sec. 881. In the motion, she specifically seeks to vacate the default judgment with respect to her home at 6611 South Ingleside Ave., Chicago, Illinois, a three story apartment building located at 2416-18 West 66th St., Chicago, Illinois, $5,324.41 contained in an account at Marquette Bank, $4,642.90 contained in an account at Cole Taylor Bank, and a 1988 Toyota Camry. Steele claims that she failed to receive proper notice of either the motion for default judgment or the entry of default judgment, that her "incompetency" due to her incarceration rendered the judgment void because she had not been represented in the action, and that the default judgment violated both the Eighth Amendment's Excessive Fines Clause and the Fifth Amendment's Double Jeopardy Clause. We affirm.
 
 
 2
 The government pursued this in rem civil forfeiture action at the same time that it sought criminal charges against Steele, a former police officer, for her participation in a drug distribution ring and for laundering its proceeds. The government initially sought forfeiture of real property purchased by Steele. It later amended the complaint to add bank accounts, vehicles and other property belonging to Steele and other individuals. The record contains a federal marshal's return of service showing that Steele was personally served with a copy of the original complaint and a certified mail return receipt showing delivery of a copy of the amended complaint to her at the prison. In addition, a certificate of publication listing the items to be forfeited appeared in the Chicago Tribune on May 8, 1992. After Steele was convicted, the government moved for default judgment against her in the civil proceedings. According to an affidavit provided by the government, it mailed a "Notice of Motion," which informed Steele when and where the motion for default judgment would be heard, along with the motion for default judgment. Steele herself later admitted in her motion for leave to file a late appeal from the default judgment that she had received a copy of the government's motion. In orders dated June 24, 1992, and July 8, 1992, the district court granted default judgment against Steele's interests in the property that she lists in her Rule 60(b) motion. In spite of her admitted receipt of the government's motion for default judgment, Steele never made an appearance in this case before the entry of the default judgment orders, either personally or through an attorney. On August 19, 1992, the district court docketed an order of dismissal and a separate order terminating the forfeiture action in compliance with Fed.R.Civ.P. 58. The record does not indicate whether or not the district court clerk sent notice of the entry of the orders of default judgment or notice of the final order terminating the case to Steele.
 
 
 3
 In June 1993, Steele moved for leave to file a late notice of appeal from the default judgment. In that motion, she stated that although she had received the complaint and the motion for default judgment, she did not know that she had to file an answer or claim in relation to the seized property. However, she also stated that
 
 
 4
 [t]he Appellant provided her Attorney with a copy of the verified complaint and the motion for Default Judgment. Said Attorney, Bernard Mulvaney advised the Appellant that he would file the required responses. Mr. Mulvaney did not fil[e] the required responses, causing the Appellant to suffer the loss of her property named in the verified Complaint.
 
 
 5
 (R. 70 at 2.) The district court denied the motion. Steele appealed from that denial, and subsequent thereto voluntarily dismissed that appeal.
 
 
 6
 On September 27, 1993, the district court docketed Steele's motion dated September 20, 1993, to set aside the default judgment. The motion omitted reference to any legal consultation and emphasized her own lack of legal experience. The district court denied the motion. The court rejected her claim that her incarceration rendered her legally "incompetent." It observed that she was served with notice of the forfeiture action, but never filed any claim against the property. Noting that Steele never alleged that she did not know that the default had occurred, the court found that she was also late in seeking to set aside the default. In sum, "she offers no legally adequate reason to excuse her default and no corroboration of the merits of her claim which would justify vacating default in the interest of justice." (R. 83.)
 
 
 7
 "Rule 55 provides that after judgment has been entered, a default may be set aside 'in accordance with Rule 60(b),' Fed.R.Civ.P. 55(c); thus Rule 60(b) controls motions in which relief from a judgment or order may be sought." Anilina Fabrique de Colorants v. Aakash Chemicals & Dyestuffs, Inc., 856 F.2d 873, 876 n. 5 (7th Cir.1988). In this case, we do not review the underlying merits of the forfeiture action, but only the denial of her motion pursuant to Rule 60(b). Jones v. Phipps, 39 F.3d 158, 162 (7th Cir.1994). As a result, we do not consider issues surrounding the default judgment such as "whether the default judgment violates the Eighth Amendment."[1] Id.
 
 
 8
 Steele seeks relief under Rule 60(b) on the grounds that the default judgment is void, see Fed.R.Civ.P. 60(b)(4), and that other reasons "justif[y] relief from the operation of the judgment," Fed.R.Civ.P. 60(b)(6).[2] "[A] judgment is void for the purposes of Rule 60(b)(4) 'if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.' " United States v. Indoor Cultivation Equipment From High Tech Indoor Garden Supply, 55 F.3d 1311, 1316 (7th Cir.1995) (citations omitted). A judgment may also be void if the court "entered a decree 'not within the powers granted to it by law.' " Id. (citations omitted). "If the underlying judgment is void, it is a per se abuse of discretion for a district court to deny a movant's motion to vacate the judgment under Rule 60(b)(4)." Id. at 1317. A district court may grant relief pursuant to Rule 60(b)(6) if the motion is made within a reasonable time, relief could not be granted under any of the other five clauses in Rule 60(b), and the court's " 'action is appropriate to accomplish justice.' " Liljeberg v. Health Serv. Acquisition Corp., 486 U.S. 847, 863-64 & n. 11 (1988) (citation omitted). However, this relief is reserved for "extraordinary circumstances." Id. at 863. The Liljeberg court noted the "particular importance" of the fact that the moving party was not responsible for neglect or lack of due diligence. Id. at 863 n. 11. We review the district court's denial of a Rule 60(b) motion for an abuse of discretion. See Indoor Cultivation Equipment, 55 F.3d at 1313. "[W]e will reverse the district court only if we conclude that no reasonable person could agree with its holding." Id.
 
 
 9
 Steele claims that she received insufficient notice of the default proceedings. In her Appellant's Brief, she cites cases concerning Rule 55(b)'s requirement that if a party has appeared in the action, he or she must be served with notice of the hearing concerning the motion for default judgment at least three days in advance. However, as noted above, both the government's affidavit and her own prior statements indicate that she received such notice. Even assuming that she did not, this notice requirement does not apply to her because she never appeared during the pendency of this action. Zuelzke Tool & Engineering Co. v. Anderson Die Castings, Inc., 925 F.2d 226, 231 (7th Cir.1991).
 
 
 10
 Steele also claims that the default judgment against her is void because she never received notice of its entry. In the record, the orders of default judgment and the order dismissing the case have notations indicating that notices were sent--although not necessarily to Steele. However, according to Fed.R.Civ.P. 77(d), the clerk of the district court is not required to forward a notice of the entry of an order or judgment to a party in default for failure to appear. Steele never appeared in person or through counsel before the court entered default judgment against her, and she still had not appeared before the case was terminated. Even assuming that the clerk did not send notice of the orders or of the final judgment to Steele, we do not believe that every time the clerk follows the procedures put forth in Rule 77(d), he or she inadvertently voids the judgment.
 
 
 11
 Steele also contends that as a prisoner, she is an "incompetent person" and therefore the judgement was void because no representative had appeared on her behalf. Rule 55(b) states in pertinent part that "no judgment by default shall be entered against an infant or incompetent person unless represented in the action by a general guardian, committee, conservator, or other such representative who has appeared therein." Steele relies on Hardin v. Straub, 490 U.S. 536, 540 (1989), which, for the purposes of determining the proper statute of limitations for 42 U.S.C. Sec. 1983, applied a state statute that tolled the limitations period "for prisoners and others suffering from legal disabilities." However, this description of a state statute is not enough to expand the term "incompetent" under the Federal Rules of Civil Procedure to cover all prisoners. Such a rule would make prisoners like Steele effectively immune to default judgment until a representative was appointed on their behalf. Rule 55(b)'s special provision for infants and incompetent people seeks to protect groups of individuals who cannot defend themselves. Simple incarceration does not automatically render a prisoner incapable of representing his or her own interests in litigation.
 
 
 12
 Steele's alleged failure to receive notice of the entry of the default judgment against her does not render the district court's refusal to provide relief under Rule 60(b)(6) an abuse of discretion. "To justify relief under subsection (6), a party must show 'extraordinary circumstances' suggesting that the party is faultless in the delay." Pioneer Investment Serv. Co. v. Brunswick Assocs. Ltd. Partnership, 113 S.Ct. 1489, 1497 (1993) (dictum). In her reply brief on appeal, Steele says that she simply assumed that her case was still pending until she wrote to the court in order to recover funds belonging to her aunt. She did not state in the district court (or on appeal) when she found out. The district court found it hard to believe that Steele would not keep herself informed about the status of a case involving so much valuable property. She evidently discovered the existence of the default judgment during the ten months between the entry of judgment on August 19, 1992 and the filing of her motion for leave to file a late appeal in June 1993. Apparently Steele either failed to check on her case during most of this period or she failed to act quickly after she discovered the entry of default judgment. Cf. also Jones, 39 F.3d at 165 (stating in dictum that if defendant, through no fault of his own, did not discover default judgment for six months, acting five weeks after that discovery would not meet quick action requirement for Rule 60(b)(1) relief); Spika v. Village of Lombard, 763 F.2d 282, 286 (7th Cir.1985) (reversing grant of Rule 60(b) relief for failure to receive notice of entry of order and judgment because moving party, who did not check status of case for six months, failed to exercise sufficient diligence).
 
 
 13
 We have said that under extraordinary circumstances, such as when a prisoner lacks both counsel and access to any means of communication due to segregation, might excuse a "dereliction of litigation duties" that results in a default judgment. Jones, 39 F.3d at 163 (involving Rule 60(b)(1)). However, this court has rejected the idea that a litigant who receives adequate notice of a default judgment is excused from pursuing litigation merely because of their incarceration. Id. at 164. Steele apparently had the opportunity to discuss the motion for default judgment with an attorney, who failed to follow through. She does not raise counsel's negligence as grounds for relief. In addition, although she claims as a prisoner she could not file documents with the district court, she says in her Reply Brief that she contacted the court directly. The record does not reveal whether she always had access to means of communication. However, given her admitted opportunity to consult an attorney on this matter, her incarceration does not constitute an extraordinary circumstance requiring Rule 60(b)(6) relief. Since Steele did not attempt to provide the district court with any additional explanation for this apparent lack of diligence, the court did not abuse its discretion in denying her relief.
 
 
 14
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Gloria Steele has filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, the request for oral argument is denied, and the appeal is submitted on the briefs and record
 
 
 [1]
 If we considered her double jeopardy and Eighth Amendment claims, it is unlikely she would prevail. She failed to raise her Double Jeopardy claim in the district court, and therefore she may not raise it on appeal. Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc., 991 F.2d 1249, 1258 (7th Cir.1993). As for her Eighth Amendment claim, she made one general reference to the Eighth Amendment in the district court in her reply to the government's answer. Even assuming that her lone reference sufficiently raised the issue in the district court, she fails to adequately state her claim on appeal. She simply asserts that the Excessive Fines Clause limits the government in general, without attempting to explain how the fine in her case is excessive. See United States v. 6250 Ledge Road, 943 F.2d 721, 728 (7th Cir.1991) (dictum) (saying that even if Excessive Fines Clause applied, claimant who attempts to simply assert Eighth Amendment violation without addressing proportionality would not prevail), abrogated on other grounds, Austin v. United States, 113 S.Ct. 2801, 2803 (1993)
 
 
 [2]
 Steele also cites Fed.R.Civ.P. 60(b)(3). However, that provision does not apply when the motion is made more than one year after the judgment, order or proceeding was entered or taken. Fed.R.Civ.P. 60(b)