92 F.3d 1188
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
ONE 1986 DODGE VAN, Defendant.
Appeal of Abdul DISU.
 
 No. 95-2785.
 United States Court of Appeals, Seventh Circuit.
 Submitted July 23, 1996.*
Decided July 23, 1996.
 Before CUMMINGS, COFFEY, and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 Abdul Disu appeals from the denial of his motion to vacate the forfeiture of a 1986 Dodge van. We affirm.
 
 
 2
 On May 27, 1987, the United States seized a 1986 Dodge van pursuant to 21 U.S.C. § 881(a)(6). Notice was served by mail on interested parties and published in the Chicago Daily Law Bulletin on July 2, 1987; after finding that no verified claims had been filed, the district court entered default judgment in favor of the United States on September 24, 1987. More than seven years later, on March 27, 1995, Disu filed a "Motion for Vacation of Forfeiture and Return of Property," claiming that the forfeiture imposed multiple punishments upon him in violation of the Double Jeopardy clause. The district court treated the motion as requesting relief under Federal Rule of Civil Procedure 60(b) before denying it.
 
 
 3
 We review a district court's denial of Rule 60(b) relief for abuse of discretion, Reinsurance Co. of America v. Administratia Asigurarilor de Stat, 902 F.2d 1275, 1277 (7th Cir.1990), which occurs only where no reasonable person could agree with the district court's decision to deny the motion. Id. Relief under Rule 60(b) is an "extraordinary remedy," Merit Ins. Co. v. Leatherby Ins. Co., 714 F.2d 673, 682 (7th Cir.), cert. denied, 464 U.S. 1009 (1983), and thus an appellant must show "extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." Margoles v. Johns, 798 F.2d 1069, 1073 (7th Cir.1986), cert. denied, 482 U.S. 905 (1987). To convince the court that he should be relieved from the judgment, Disu must show (1) good cause for his default, (2) quick action to correct the default, and (3) a meritorious defense. United States v. Di Mucci, 879 F.2d 1488, 1495 (7th Cir.1989); Zuelzke Tool & Eng. Co., Inc. v. Anderson Die Castings, Inc., 925 F.2d 226, 229 (7th Cir.1991).
 
 
 4
 Disu provided no explanation for his default to the district court, but on appeal he attempts to assert that he never received notice of the forfeiture. This does not suffice to meet his burden to show cause, as "[w]e consistently hold that arguments not made in the district court are waived." Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Stop Treaty Abuse-Wisconsin, Inc., 991 F.2d 1249, 1258 (7th Cir.1993). Disu, therefore, has failed to show cause for his default.
 
 
 5
 Further, Disu fails to show quick action to correct the default. He states that he was sentenced on September 23, 1987 (one day before the forfeiture) and that he first learned of the forfeiture while preparing his criminal appeal. Thus, by his own admission he knew of the forfeiture soon after it occurred and well before March 1995. "[W]here a party willfully, albeit through ignorance or carelessness, abdicates its responsibilities, relief from judgment under Rule 60(b) is not warranted." Zuelzke Tool, 925 F.2d at 229.
 
 
 6
 Finally, Disu possesses no meritorious defense. He avers that the forfeiture, when added to his criminal conviction and sentence, violated the Double Jeopardy Clause. As the Supreme Court has recently stated, however, civil forfeiture proceedings under § 881 are "neither 'punishment' nor criminal for purposes of the Double Jeopardy Clause," United States v. Ursery, 64 U.S.L.W. 4565, 4572 (U.S. June 24, 1996), and consequently they do not give rise to jeopardy.
 
 
 7
 Disu has failed to show that the district court abused its discretion in declining to relieve him of this default judgment, and thus the decision of the district court is AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary; accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)