**TRAVELODGE HOTELS, INC., Plaintiff,**

v.

**TAURUS HOTELS CORPORATION and Ramesh N. Vakharia, Defendants.**

No. 97–3320.

United States District Court,
C.D. Illinois,
Springfield Division.

April 22, 1998.

Frederic A. Cohen, Scott A. Lefelar, Chicago, IL, for Plaintiff.

Ramesh Vakharia, Meriden, CT, for Defendant.

## OPINION

MILLS, District Judge.

Mr. Vakharia—despite receipt of the Complaint, all motions and all Orders—failed to answer the Complaint.

Default judgment was entered.

He filed a motion to vacate.

Does Vakharia show good cause?

No.

### I.  BACKGROUND

This action arises out of License Agreement between Travelodge Hotel, Inc.'s ("Travelodge") predecessor in interest and Defendant Taurus Hotel Corporation ("Taurus"). Ramesh N. Vakharia ("Vakharia") is the president of Taurus and guarantor of Taurus' obligations under the License Agreement.

The Complaint in this case was filed on August 12, 1997.  On October 30, 1997, the process server left a copy of the Summons and Complaint with Vakharia's wife and mailed a copy to Vakharia on October 31. Vakharia filed an entry of appearance on December 1, 1997, but did not answer the Complaint.

On December 12, 1997, Travelodge filed a Motion for Entry of Default and served notice on Vakharia.  The motion was granted on December 24, 1997.  On January 2, 1998, Travelodge filed a motion to extend time in which to file its Motion for Entry of Default Judgment.  Travelodge was given until January 20 to file the motion.  Again, notice was served upon Vakharia.

On January 13, 1998, Travelodge filed the Motion for Entry of Default Judgment and duly served notice on Vakharia. There was no response from Vakharia. On January 27, 1998, this Court entered judgment for Travelodge and against Defendants, jointly and severally, for $82,429.14.

On February 2, 1998, Vakharia filed, pro se, a motion to vacate the default judgment. It appears that the motion only seeks to vacate the default judgment against Vakharia and not Taurus.

## II. ANALYSIS

Vakharia brings this motion under Rule 60(b), which provides:

On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment.

■  To set aside a default judgment, a defendant must show: 1) good cause for the default; 2) quick action to correct the default; and 3) a meritorious defense to the complaint. *Zuelzke Tool & Eng'g Co., Inc. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 229 (7th Cir.1991). While the test is identical under either Rule 55(c) (motion to vacate an entry of default) or Rule 60(b) (motion to vacate a default judgment), the test under Rule 60(b) is much more limited and stringent. *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir.1994). Moreover, the Seventh Circuit has "long since moved away from the position of disfavoring default judgments...."

*Pretzel & Stouffer v. Imperial Adjusters, Inc.*, 28 F.3d 42, 47 (7th Cir.1994).

Vakharia attempts to establish good cause in a number of ways.

■  Vakharia first asserts that the judgment rendered against him resulted from mistake and excusable neglect because he mistakenly believed that his pro se entry of appearance would prevent a judgment from being issued against him. He claims that he is a not an original native of this country and is not familiar with the workings of its justice system.

■  However, "[e]ven uncounseled litigants must act within the time provided by statute and rules. '[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.'" *Williams–Guice v. Board of Educ. of the City of Chicago*, 45 F.3d 161, 164 (7th Cir.1995)(quoting *McNeil v. United States*, 508 U.S. 106, 113, 113 S.Ct. 1980, 1984, 124 L.Ed.2d 21 (1993)).

■  Vakharia next points out that when he was served with the Complaint, he immediately contacted his older brother who said he would contact some attorneys in Illinois to try and obtain an attorney for him. Vakharia was put in contact with an attorney and as a result of the conversations with the attorney, he believed that, pending some research the attorney was doing with respect to jurisdiction, he could protect his interest by filing a pro se entry of appearance. The attorney to whom he spoke offered to, and filed, the entry of appearance for Vakharia pro se, which reinforced Vakharia's belief that he had protected himself. Vakharia wanted the opportunity to personally interview the Illinois attorney and agree upon terms of representation before hiring him and also needed time to raise funds to engage an attorney for his defense.

■  To the extent Vakharia attempts to blame the unnamed (and unretained) attorney for the failure to properly respond to the Complaint, that does not excuse Vakharia's failure to answer the Complaint. *See Hough v. Local 134, Int'l Bhd. of Elec. Workers*, 867

F.2d 1018, 1022 (7th Cir.1989)(noting that "although relief may be granted from judgment for excusable neglect of a party or its counsel such as the failure to receive notice of a judgment, neither ignorance nor carelessness on the part of any attorney will provide grounds for relief under FRCP 60(b).").  Additionally, any difficulty and expense of obtaining counsel does not constitute good cause for default, especially in light of the fact that Vakharia did not make any effort to explain his situation to the Court or to opposing counsel.  *See ·Original Appalachian Artworks v. Yuil Int'l Trading Corp.,* 105 F.R.D. 113, 116 (S.D.N.Y.1985)(holding that while "[a] bona fide effort to find counsel is certainly relevant to the willfulness of a party's default[ ] ... where a party is notified that he is in default and he apparently makes no effort to appear pro se or to explain his situation to the opposing party and the court, such neglect is inexcusable.").

■ Vakharia's second argument is that he was not given proper notice regarding the process of this litigation.  Vakharia claims that the Motion for Entry of Default was executed on December 9 but not mailed until December 16.  Because of that, and because of the delay in the mails, the document was not received until Friday, December 19.  Vakharia could not get in touch with this Court until Monday, December 22, but by then it was too late as the motion was granted on that day.  Vakharia believes that the notice he was given was insufficient.  Had he been given adequate notice, he could have contacted the Illinois attorney and inquired as to what was occurring and may have been in a position to do something about it.

Vakharia also states that with the holiday season now upon him, he was not in a position to travel to Illinois and waited instead for the Order of Default which he was told would be coming.  That document did not arrive until Saturday, January 3, 1998.  In reading the Order, Vakharia asserts that he learned that additional documentation needed to be filed by Monday, January 5.  He claims there was little he could do because by

January 5, a Motion for Extension of Time had been filed and granted.  He .asserts that he had inadequate notice of the Motion to Extend Time.

Travelodge points out that the December 9 date on the bottom of the Motion for Entry of Default simply indicates the date the document was initially saved on Travelodge's computer.  The document was filed on December 12, 1997 and was mailed to Vakharia on December 16.  The motion was not entered until December 24.

Despite Vakharia's claims that the delivery of notice was slow and he did not receive adequate notice, the fact remains that Vakharia received, and acknowledges receiving, notice of every motion.  For instance, Vakharia claims he did not receive a copy of the Motion for Entry of Default until December 19.  He states that he could not get in touch with the Court until Monday, December 22, which, according to him, was too late because the motion was granted on that date [1].  Nonetheless, the fact remains that Vakharia, who would not yet have known that the motion was granted on that date, did not attempt to contact the Court.  Nor did he subsequently contact the Court.

■ Vakharia argues that the motion for extension of time was granted before he even received notice of it.  Yet, the granting of the extension of time worked in his favor and provided him more time to respond to the Order of Default (such as filing a motion to vacate the Order of Default).  The Motion for Entry of Default Judgment was originally due on January 5, 1998 but the extension of time gave Travelodge until January 20 to file the motion.  The motion was filed on January 13, 1998 and not granted until January 27, 1998.  Vakharia made no effort to contact the Court during that time.

■ Finally, Vakharia asserts that the judgment rendered against him resulted from misrepresentation by Travelodge's counsel.  *See* Fed.R.Civ.P. 60(b)(3).  Specifically, Vakharia claims that Travelodge misrepresented to the Court the date of service

---

1. The Order of Default was signed by Magistrate Judge Byron G. Cudmore on December 22, 1997 but was not entered until December 24.

when it filed its Motion for Entry of Default Judgment against Vakharia. The Declaration of Scott A. Lefelar (attached as Exhibit A to the Motion for Entry of Default Judgment) states that service was made August 19, 1997 when in fact it occurred October 30, 1997. Vakharia concedes that the Court acted upon the default request more than twenty days after the service upon him, but argues that "given the filing of the pro se Entry of Appearance, the Court might well have looked upon the plaintiff's request for a default judgment had it known that service had been made at the end of October of 1997 rather than in mid-August of that year." Furthermore, Vakharia believes that service of the summons was not made in a timely fashion.

Travelodge claims that the statement in the Declaration was merely an error and points out that the motion itself correctly identified the date of service, as did the Affidavit of Service from Sheriff Frank J. Kinney. Travelodge argues that Vakharia should not be entitled to seize on and exploit an innocuous mistake that had no impact on his ability to appear and defend in a timely manner.

Under Fed.R.Civ.P. 60(b)(3), the misconduct must be of a type that "prevented the other party from fully and fairly presenting its case." *United States v. An Undetermined Quantity of an Article of Drug Labeled as Benylin Cough Syrup,* 583 F.2d 942, 948 (7th Cir.1978). Even if the Court were to find that the error on the part of Travelodge constituted a misrepresentation, the Court finds that it did not prevent Vakharia from fully and fairly presenting his case.

### III. CONCLUSION

Consequently, for all the reasons set forth above, the Court finds that Vakharia has failed to show good cause why the default judgment should be vacated. The Court need not analyze the second and third requirements to vacate a default judgment. A defendant must demonstrate all three requirements and therefore even if Vakharia had demonstrated quick action to rectify the default and a meritorious defense, the lack of good cause is sufficient to deny the motion to vacate. *See Jones v. Phipps,* 39 F.3d at 165; *Pretzel & Stouffer,* 28 F.3d at 46 (defendant must meet all three requirements).

*Ergo,* Vakharia's Motion to Vacate Default Judgment Under Rule 60(b) is DENIED.