Alexis M. HERMAN, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

Ronald L. MILLER, an Individual, Doing Business as Ron Miller Construction, Defendant.

No. 98–CV–2065.

United States District Court, C.D. Illinois, Danville/Urbana Division.

Sept. 15, 1999.

Karen L. Mansfield, U.S. Department of Labor, Chicago, IL, for Plaintiff.

Ronald R. Miller, Arcola, IL, pro se.

## ORDER

McCUSKEY, District Judge.

This case is before the court for ruling on Defendant's Motion to Set Aside Judgment (# 8). Defendant's Motion is DENIED.

### FACTS

On March 6, 1998, Plaintiff, Alexis M. Herman, filed a Complaint (# 1) against Defendant, Ronald L. Miller, an individual, doing business as Ron Miller Construction. The Complaint was an action to enjoin Defendant from violating the provisions of the Fair Labor Standards Act of 1938 (FLSA) (29 U.S.C. § 201 et seq.). Plaintiff also sought to recover unpaid overtime compensation owing to Defendant's employees together with an equal amount as liquidated damages. Defendant, pro se, filed an Answer (# 3) to the Complaint on May 26, 1998.

On January 28, 1999, Plaintiff filed a Motion for Summary Judgment (# 4) with supporting documentation and a Brief in Support of the Motion for Summary Judgment (# 5). Plaintiff also filed two certificates of service, signed by her attorney, which "certified" that both the Motion for Summary Judgment and the Brief in Support of the Motion for Summary Judgment were served on Defendant, by certified mail, at the following addresses:

Ronald R. Miller
388 Main Street
Arcola, Illinois 61910
Ronald R. Miller
Ron Miller Construction
118 N. Water Street
Arcola, Illinois 61910

Defendant did not file a Response to the Motion for Summary Judgment.

On August 6, 1999, this court entered an Order (# 6) which granted Plaintiff's Motion for Summary Judgment. This court did not rely on Defendant's failure to file a Response to the Motion, but carefully reviewed and analyzed the documentation presented by Plaintiff, as well as the applicable law. This court concluded that Plaintiff established that no genuine issue of material fact existed regarding Defendant's violation of the FLSA. Accordingly, this court entered judgment in favor of Plaintiff.

On August 26, 1999, Defendant, by his attorney, filed a Motion to Set Aside the Judgment Pursuant to Rule 60(b) of the Federal Rules of Civil Procedure (# 8). Defendant also filed a Memorandum of Law in Support of the Motion (# 9). Plaintiff filed a Response to the Motion on September 14, 1999(# 10).

## ANALYSIS

Defendant contends that the judgment should be set aside because it was entered without notice to Defendant of Plaintiff's Motion for Summary Judgment. Defendant acknowledges that Plaintiff filed certificates of service showing that Defendant was sent copies of the Motion and Brief in Support. However, Defendant states that he did not receive them. Defendant has attached his affidavit to his Motion which states, in pertinent part:

4. I first became aware of Plaintiff's Motion for Summary Judgment when I received a copy of the Judgment entered against me on the basis of that Motion when I opened my mail the evening of Sunday, August 15, 1999.

5. On August 15, 1999, I had just returned from a vacation in South Dakota which began August 6, 1999.

6. By Wednesday, August 18, 1999, I had retained counsel, Traci E. Nally, to assist me in this case.

7. Even though the Motion for Summary Judgment filed by Plaintiff has a Certificate of Service attached to it stating that copies were sent to me, I never received that Motion or the supporting memorandum until they were given to me by my attorney Traci E. Nally on Monday, August 23, 1999. She had not read them until after she had been retained by me and retrieved copies of them from the Court file.

Defendant also stated that he called Plaintiff's counsel on January 19, 1999, and sent letters to Plaintiff's counsel on January 11, 19, and 20, 1999. He stated that he had not heard from Plaintiff's counsel after that time.

█ Defendant claims that he is entitled to relief from the judgment against him because it was entered due to Plaintiff's "mistake" in failing to send notice of the Motion to Defendant (see Fed.R.Civ.P. 60(b)(1)) or because the judgment is void (see Fed R. Civ. P. 60(b)(4)). This court disagrees with both arguments.

█ It is well settled that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances. *Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1116 (7th Cir. 1994). Accordingly, "[r]elief under Rule

60(b) is warranted 'only upon a showing of extraordinary circumstances that create a substantial danger that the underlying judgment was unjust.'" *Daniels v. Brennan,* 887 F.2d 783, 790 (7th Cir.1989) (quoting *3 Penny Theater Corp. v. Plitt Theatres, Inc.,* 812 F.2d 337, 340 (7th Cir. 1987)); see also *Dreger v. Mid–America Club,* 1998 WL 102927, at *2 (N.D.Ill. 1998).

While Defendant claims in his Motion and affidavit that he did not receive a copy of the Motion for Summary Judgment, he freely acknowledges that he took no action on the case after January 20, 1999, when he sent a letter to Plaintiff's counsel. According to Plaintiff's own affidavit, this complete inaction continued for almost seven months, until he received this court's Order on August 15, 1999. Defendant's "uncounseled" status did not relieve him from the obligation of following his case and contacting the court regarding its status. See *Travelodge Hotels, Inc. v. Taurus Hotels Corp.,* 179 F.R.D. 569, 571–72 (C.D.Ill.1998).

Under Rule 60(b)(1), mistake, inadvertence, and excusable neglect may provide cause to vacate a final judgment, though only if brought to the district court's attention within a reasonable time. See Fed. R.Civ.P. 60(b)(1); *Berwick Grain Co. v. Illinois Dep't of Agric.,* 189 F.3d 556, 558 (7th Cir.1999). In this case, there is no question that Defendant's Rule 60(b) Motion was timely filed.

Defendant contends that relief under Rule 60(b)(1) is warranted in this case because of Plaintiff's "mistake" in not serving him with a copy of the Motion for Summary Judgment and Brief in Support. However, this court concludes that Defendant has only shown the existence of a question of fact regarding whether a mistake occurred. The record now contains Plaintiff's certificates of service wherein her attorney "certified" that copies were served on Defendant at two addresses, as well as Defendant's affidavit that he did not receive them. In her Response to

Defendant's Motion, Plaintiff asserts that copies of the Motion for Summary Judgment were sent to the two addresses listed in the certificates of service and that neither copy was returned to Plaintiff as undeliverable.

Further, Defendant admits that he did nothing to check on the status of this case for almost seven months. In addition, even though Defendant did not file a Response to Plaintiff's Motion for Summary Judgment, this court carefully reviewed all of the documentation provided by Plaintiff and the applicable law before granting the Motion for Summary Judgment. Under these circumstances, this court concludes that Defendant has not shown "extraordinary circumstances that create a substantial danger that the underlying judgment was unjust." Accordingly, this court concludes that relief is not warranted based upon Rule 60(b)(1).

■ Defendant also claims that he is entitled to relief pursuant to Rule 60(b)(4) because the judgment was entered without notice to Defendant and is, therefore, void. "A judgment is not void unless the court that rendered it lacked jurisdiction or acted in a manner inconsistent with due process of law." *Webb v. James,* 147 F.3d 617, 622 (7th Cir.1998); see also *Grun v. Pneumo Abex Corp.,* 163 F.3d 411, 423 (7th Cir.1998), *cert. denied,* —— U.S. ——, 119 S.Ct. 1496, 143 L.Ed.2d 651 (1999). Generally, due process requires that all litigants be given notice and an opportunity to be heard. *Grun,* 163 F.3d at 423. In *Grun,* the district court set a trial date but did not notify the parties of the date. When neither side appeared for trial, the district court dismissed the case based on Plaintiff's failure to appear. The Seventh Circuit held that, under those circumstances, the district court should have granted Plaintiff's Rule 60(b) Motion for relief from the judgment because "it is clear from the record that the district court inadvertently failed to notify either of the parties, either by telephone, mail or otherwise, that they had a trial date."

*Grun,* 163 F.3d at 423. The Court also noted that Plaintiff in that case did not show a lack of diligence in failing to check with the court because Plaintiff had done everything to complete preparation for trial and was understandably awaiting notification of the trial date. *Grun,* 163 F.3d at 424. Here, by contrast, Defendant has not shown lack of notice but, at best, has raised an issue of fact as to notice. This court concludes that this showing is insufficient to establish that this court's judgment is "void."

This court further notes that the cases cited by Defendant do not support his position that relief should be granted because the judgment is void. The court in *Vine v. City of Lansing Police Dept.,* 930 F.Supp. 1177, 1181 (W.D.Mich.1996), found that the failure of notice was harmless error and denied the request for relief under Rule 60(b). In *New York Life Ins. Co. v. Brown,* 84 F.3d 137, 143 (5th Cir. 1996), the Fifth Circuit concluded that relief under Rule 60(b) should have been granted by the district court because one of the defendants did not receive notice of the Motion for Summary Judgment. However, in that case, it was not disputed that the defendant did not receive notice. There, the clerk of the court sent notice to an invalid address, even though the defendant's correct address was in the court file. In addition, the notice was returned undelivered. *Brown,* 84 F.3d at 140–43. In this case, by contrast, the question of whether Defendant received notice *is* disputed. Further, Defendant does not claim that the addresses listed on Plaintiff's certificates of service are not valid. Moreover, Plaintiff states that the copy of the Motion for Summary Judgment it sent to Defendant was *not* returned undelivered. Accordingly, *Brown* is distinguishable and inapposite to the facts of this case.

This court concludes that Defendant has not shown that he is entitled to relief under Rule 60(b)(1) or 60(b)(4). Accordingly, Defendant's Motion to Set Aside Judgment Pursuant to Rule 60(b)(# 8) is DENIED.