**GUESS ?, INC., Plaintiff,**

v.

**Edwin CHANG, a.k.a. Hoon Chang and Kwang Mo Choe; Jae Hwan Kim; and Unique Fashions, Defendants.**

**No. 94 C 3685.**

United States District Court,
N.D. Illinois,
Eastern Division.

Aug. 17, 1995.

**506**

Alan L. Unikel, Bart Allen Lazar, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, for plaintiff.

John Scott Hoff, Brandt Randall Madsen, Law Offices of John Scott Hoff, P.C., Chicago, IL, for defendants.

### MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

Defendants Edwin Chang and Michelle Chang move to vacate the default judgment entered against them on February 17, 1995, as well as the turn-over order entered by Magistrate Judge Rosemond on June 20, 1995. For the reasons set forth below, we grant defendants' motion in part with regard to Michelle Chang, but deny the motion with regard to Edwin Chang.

## I. Background

The instant action arises out the alleged sale of merchandise bearing counterfeit Guess? trademarks by defendant Unique Fashions and its principals. The initial complaint was filed by Guess? on June 15, 1994, against Edwin Chang, Unique Fashions and Jae Hwan Kim. Pursuant to an *ex parte* seizure order, plaintiff seized approximately 500 counterfeit Guess? garments from Unique Fashions on June 16, 1994. Plaintiff also effectuated personal service upon defendants Edwin Chang, Unique Fashions and Jae Hwan Kim on June 16, and soon thereafter defendant Edwin Chang retained James T. Hyun to represent him in the action. Hyun contacted counsel for Guess? to inform him of his representation of Edwin Chang and the other defendants, and began negotiations concerning the entry of a preliminary injunction. However, Hyun never filed an appearance in this action.

The parties conducted discovery during the summer of 1994, and defendant Edwin Chang appeared for his deposition on July 21 and August 23, 1994. Although settlement discussions were ongoing between the parties, defendants neither appeared before us nor requested an extension of time in which to answer the complaint. On October 13, 1994 we entered default against defendants Edwin Chang, Unique Fashions and Jae Hwan Kim for their failure to answer or otherwise plead within the requisite time period.

Prior to proving up its default judgment Guess? obtained leave to file a first amended complaint, naming for the first time Edwin Chang's wife, Michelle Chang, as a defendant. Instead of obtaining personal service on Michelle Chang, Guess? served the amended complaint on Hyun because he said he would accept service for her.[1] The parties continued their negotiations through late 1994 and into early 1995, and at several points appeared to be close to settlement. However, a concrete agreement was never

---

1. Hyun has filed an affidavit in support of defendants' motion, wherein he states that he did not

have the authority to receive service for Michelle

reached,[2] and Guess? moved ahead with proving up its default. On February 17, 1995, we entered default judgment in the amount of $476,283 plus attorney's fees, and plaintiff personally served citations to discover assets on all the defendants.

The parties then took another stab at settling the case. However, efforts were hampered because of difficulties between Hyun and Edwin Chang that eventually caused Hyun to withdraw as counsel. Due to fears that defendants were disposing of their assets and planning on leaving the jurisdiction, defendants sought and were granted a turn-over order from Magistrate Judge Rosemond on June 20, 1995. This order required defendants to give several thousand dollars in cash and property to Guess? in satisfaction of the judgment, including property possessing great sentimental value. Defendants then retained new counsel, and moved before us for a stay of the turn-over order and vacation of the default judgment against Edwin Chang and Michelle Chang. We previously denied defendants' motion for a stay of the turn-over order, but directed Guess? to refrain from liquidating the defendants' personal property until resolution of the instant motion to vacate the default judgment.

## II. Standard for Vacating Default Judgment

■ Federal Rule of Civil Procedure 55(c) authorizes the setting aside of a default judgment if the movant satisfies the criteria outlined in Federal Rule of Civil Procedure 60(b) for seeking relief from a judgment or order. In pertinent part, Rule 60(b) authorizes relief where the judgment was entered because of "mistake, inadvertence, surprise, or excusable neglect," or where the "judgment is void." See Fed.R.Civ.P. 60(b)(1), (4). In addition to demonstrating good cause under Rule 60(b), a litigant seeking to vacate a default judgment must also show that he has taken quick action to remedy the default and that he possesses a meritorious defense. *Zuelzke Tool & Eng'g Co., Inc. v. Anderson Die Castings, Inc.*, 925 F.2d 226, 229 (7th Cir.1991). In general, a party seeking to vacate a default judgment faces an uphill battle. *Id.* (collecting cases).

## III. Discussion

We first address the default judgment entered against Michelle Chang, who was only named as a defendant in this action in the amended complaint. She contends that she was not served pursuant to the dictates of Rule 4, and therefore the default against her is void and should be vacated. Ms. Chang submits an affidavit stating that she was not personally served with the amended complaint, and that she did not receive a copy of it in the mail with a waiver of summons form. Defendant argues that a default judgment entered against a party who has not been properly served, regardless of the party's actual knowledge of the lawsuit, is void and must be vacated upon a proper motion by the defendant. See *Mid–Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 300–03 (7th Cir.1991); *Bennett v. Circus U.S.A.*, 108 F.R.D. 142, 148 (N.D.Ind.1985).[3]

■ Plaintiff does not dispute that it failed to effectuate personal service on Michelle Chang, or that she never returned a waiver of service form. Rather, Guess? argues that it properly served the complaint on Hyun, who was acting as her attorney and agreed to receive service on her behalf. In order for service on an attorney to constitute proper service on a party, the attorney must be specifically authorized by the defendant to

Chang and that he did not inform Guess? that he possessed such authority.

2. Defendant Edwin Chang argues that a settlement of $18,500 was actually reached by the parties in early 1995, but that Guess? reneged on the agreement and moved ahead with its default. However, his only support for this assertion is a letter from Hyun to counsel for Guess? in which Hyun states that his client cannot pay $10,000 up front, but would be willing to pay $5,000. We fail to see how this letter evidences a meeting of the minds, since the parties obviously disagreed over the critical element of the dollar amount to be paid up front.

3. In papers submitted to this court, counsel for the defendant repeatedly refers to *Bennett* as a decision of the Seventh Circuit Court of Appeals, when in actual fact it is a decision from the District Court for the Northern District of Indiana. We advise counsel for the defendant to be more careful in his representations regarding the source of the authority he cites.

perform that particular task. *See* Fed. R.Civ.P. 4(e); *Schultz v. Schultz*, 436 F.2d 635, 639–40 (7th Cir.1971); *Bennett*, 108 F.R.D. at 146–47; 2 James W. Moore et al., *Moore's Federal Practice* ¶ 4.10[4], at 174–75 (2d ed. 1994). In her affidavit Michelle Chang contends that she never hired Hyun to act as her attorney, never authorized him to receive service on her behalf, and indeed, never spoke to him about the case. These allegations are essentially corroborated by an affidavit from Hyun, wherein he denies that he ever agreed to accept service on behalf of Michelle Chang. Although Guess? argues that Hyun's actions led it to reasonably believe that he represented Michelle Chang and was authorized to receive service on her behalf, it fails to point to any actions taken by Michelle Chang to support this belief. Unless some action was taken by defendant Michelle Chang to indicate that Hyun was authorized to accept service for her, Guess? cannot contend that he possessed the apparent authority to do so. *See Illinois Conference of Teamsters & Employers Welfare Fund v. Mrowicki*, 44 F.3d 451, 463 (7th Cir.1994) ("In determining whether apparent authority exists, 'courts focus on the acts of the principal.' ").[4]

Thus, because service of the complaint was never effectuated on Michelle Chang, and the default judgment entered against her was void, she has shown good cause for vacating it. *See* Fed.R.Civ.P. 60(b)(4). Although defendant Michelle Chang did not act with the proper diligence in bringing this motion to vacate the default, Guess?'s failure to properly serve her deprived us of personal jurisdiction over her, and thus we must grant her Rule 60(b) relief. *See Textile Banking Co., Inc. v. Rentschler*, 657 F.2d 844, 850 (7th Cir.1981). However, our vacation of the default judgment may be "upon such terms as are just," Fed.R.Civ.P. 60(b), including a requirement that she post bond or some other sort of security. *See Bennett*, 108 F.R.D. at

149–50. Magistrate Judge Rosemond previously acted on plaintiff's contention that defendants were diverting assets and posed a flight risk, and ordered that certain items of personal property be turned over to Guess?. While we vacate our default judgment, we decline to disturb that turn-over order so as to protect any recovery plaintiff may eventually obtain. In addition, we extend our prohibition against liquidating Michelle Chang's personal property until her liability in this action is resolved.

■ We next address defendant Edwin Chang's motion to vacate the default judgment. Mr. Chang argues that the ambiguous and confusing lawyer-client relationship between himself and Hyun justifies Hyun's "excusable neglect" of the case. In particular, Mr. Chang asserts that although he intended to hire Hyun to represent him in all aspects of the case, Hyun believed that he was simply representing defendant for purposes of settlement and therefore he did not need to enter an appearance. In addition, Mr. Chang asserts that due to ongoing settlement negotiations with Guess?, he was lulled into believing that plaintiff would not pursue this action against him.

■ We fail to find these arguments persuasive. At bottom, Mr. Chang argues that his attorney's failure to file an appearance and contest his liability in this matter was negligent and contrary to his direction. However, Mr. Chang choose Hyun to act as his attorney, and therefore Hyun's acts and omissions can be imputed to him. *See Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. Partnership*, —— U.S. ——, ——, 113 S.Ct. 1489, 1499, 123 L.Ed.2d 74 (1993). The rule in the Seventh Circuit is that attorney negligence can never provide a basis for Rule 60(b) relief. *Dickerson v. Board of Educ. of Ford Heights, Ill.*, 32 F.3d 1114, 1118 (7th Cir.1994).[5] Although Hyun's failure to properly defend the action against Edwin Chang

---

4. Many of the affidavits submitted with plaintiff's response to the motion to vacate are not relevant to determining whether Hyun possessed apparent authority to accept service for Michelle Chang, since they relate only to Hyun's actions and statements. Accordingly, as we have not considered these submissions in deciding defendant Michelle Chang's motion to vacate, her motion to strike certain portions of them is denied as moot.

5. We question whether this rule is still good law after *Pioneer Inv. Servs.*, in which the Supreme Court stated that "at least for purposes of Rule 60(b), 'excusable neglect' is understood to encompass situations in which the failure to com-

is alleged to have occurred because of miscommunication, Hyun did not take even the most minimal step of requesting an extension of time in which to respond to the complaint. Indeed, Hyun did not even enter an appearance on behalf of Edwin Chang. Because Mr. Chang must be held accountable for this inaction by Hyun, we decline to find good cause for Mr. Chang's failure to defend against the claim.

■ Edwin Chang also argues that his failure to answer the complaint should be excused because he was lulled by settlement negotiations into not challenging the lawsuit. We disagree.

The existence of settlement negotiations alone does not justify [Mr. Chang's] conduct. Parties engaged in litigation frequently discuss the possible settlement of their dispute, but the mere existence of such negotiations, without more, does not excuse the parties from attending court appearances and otherwise complying with the Court's orders.

*Simon v. Pay Tel Management, Inc.,* 782 F.Supp. 1219, 1226 (N.D.Ill.1991), *aff'd,* 952 F.2d 1398 (7th Cir.1992). Nor can Mr. Chang contend that his participation in settlement discussions somehow obviated the need for entering an appearance in this case. *Zuelzke Tool & Eng'g,* 925 F.2d at 230. Rather, Edwin Chang was required by the Federal Rules to appear and answer the allegations in the complaint, regardless of the pendency of settlement discussions.

Finally, even if we were to find good cause to vacate the default against Mr. Chang, we would still not grant his motion. We granted default judgment against Edwin Chang on February 17, 1995, after entering an order of default against him the previous year. The instant motion was not filed until June 21, 1995, some four months after entry of default judgment. Such a delay in filing the motion to vacate militates against a finding that Chang's action was prompt. *See Zuelzke Tool & Eng'g,* 925 F.2d at 230. Moreover,

ply with a filing deadline is attributable to negligence." —— U.S. at ——, 113 S.Ct. at 1497. Even if attorney negligence may provide the basis for Rule 60(b) relief, we fail to see how the facts of the case lead to the conclusion that Hyun's neglect was "excusable." *See id.* at ——, 113 S.Ct. at 1498 (outlining factors to consider in

Mr. Chang offers no meritorious defense which could be presented in the underlying litigation. The best he can do is assert that the parties had actually settled the case for $18,500 prior to the default judgment. However, as previously discussed, no agreement between the parties appears to have existed; rather, the parties exchanged offers and counter-offers and failed to reach a final agreement on how to resolve the case. In sum, defendant Edwin Chang has failed to show that he is entitled to relief under Rule 60(b), and therefore we decline to vacate the default judgment against him.

## IV. Conclusion

For the reasons set forth above, Michelle Chang's motion to vacate the default judgment against her is granted, but we decline to alter the turn-over order concerning her property. Defendant Edwin Chang's motion to vacate the default judgment is denied. It is so ordered.

determining whether neglect is excusable). Moreover, as discussed below, Edwin Chang has failed to show prompt action to correct the default, or a meritorious defense, and consequently would not be entitled to relief even if his inaction was excusable.