GUESS?, INC., Plaintiff,

v.

Edwin CHANG a/k/a Hoon Chang and Kwang Mo Choe; Michelle Chang a/k/a Michelle C. Baek and In S. Paek; Jae Hwan Kim; and Unique Fashions, Defendants.

No. 94 C 3685.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 27, 1995.

---

Alan L. Unikel, Bart Allen Lazar, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, IL, Philip J. Zadeik, Michael Ridgeway Hull, Baker & McKenzie, Chicago, IL, for plaintiff.

John Scott Hoff, Brandt Randall Madsen, Law Offices of John Scott Hoff, P.C., Chicago, IL, for defendants.

### MEMORANDUM OPINION AND ORDER

ASPEN, Chief Judge:

Presently before this court are objections to three orders and recommendations of Magistrate Judge Rosemond, a motion for contempt and issuance of writs of sequestration and assistance, and defendant Michelle Chang's "Motion To Strike And Dismiss Guess?'s Amended Complaint Or In The Alternative For Summary Judgment, Or In The Alternative For A More Definite Statement." For the reasons set forth below, we grant in part and deny in part Guess?'s motion for contempt, overrule the defendants' objections to Magistrate Judge Rosemond's orders of August 25 and 28, overrule Guess?'s objections to Magistrate Judge Rosemond's order of August 23, and deny Michelle Chang's motion to strike and dismiss or for summary judgment.

## I. Background

Although the facts of this case have already been laid out in our prior opinion, *Guess?, Inc. v. Chang,* 163 F.R.D. 505 (N.D.Ill.1995), we nonetheless must briefly reiterate the relevant background in order to resolve the instant matters. The plaintiff alleges that merchandise bearing counterfeit Guess? trademarks was sold and distributed in the Chicago area by defendant Unique Fashions and its Korean–American principals, who apparently have a limited command of the English language. Def.'s Obj. to 8/1/95 Rec., Ex. B. ¶¶ 5–6.[1] On June 15, 1994, Guess? filed the initial complaint against Edwin Chang, Unique Fashions, and Jae Hwan Kim, and the following day obtained an *ex parte* seizure order for approximately 500 counterfeit Guess? garments held by Unique Fashions. Soon afterwards, Guess? began negotiations with James T. Hyun, counsel for the defendants, in the hope of reaching a settlement. However, neither the defendants nor their attorney appeared before us, and on October 13, 1994 we granted Guess?'s motion for entry of default. We also granted Guess? leave to file an amended complaint in order to name Michelle Chang, Edwin Chang's wife, as a defendant. Instead of personally serving Michelle Chang, the plaintiff gave the amended complaint to Hyun based on its belief that he represented her as well as the other defendants. It was later learned that Hyun did not represent Michelle Chang and did not have authority to receive service on her behalf.

As the chances of a negotiated settlement faded, Guess? moved for default judgment against all the defendants, and on February 17, 1995, we entered default judgment in the amount of $476,283 plus attorney's fees. On March 9–10, 1995, Guess? personally served "Citations to Discover Assets" on the defendants in the hopes of finding a means of satisfying the judgment. In addition to informing the defendants of their right to claim certain statutory exemptions at the time of the citation hearing, the Citations also stated:

YOU ARE PROHIBITED from making or allowing any transfer or other disposition of, or interfering with, any property not exempt from execution or garnishment belonging to the judgment debtors or to which the judgment debtors may be entitled or which may be acquired by or become due to the judgment debtors and from paying over or otherwise disposing of any money not so exempt, which is due or becomes due to the judgment debtors, until further order of court or termination of the proceedings.

Def.'s Obj. to 8/1/95 Rec., Ex. 2.

Pursuant to the Citations, Mr. Chang appeared (without counsel) at a status hearing before Magistrate Judge Rosemond on March 23, 1995, and indicated that he was unaware of the judgment entered against him. On April 6, 1985, Edwin Chang again appeared before Magistrate Judge Rosemond, this time accompanied by his wife Michelle Chang, but still without Mr. Hyun. After the status hearing Mr. Chang agreed to give sworn deposition testimony to Guess?'s attorney, at which time it was explained to Mr. Chang that, pursuant to the Citations, neither he nor his company were permitted to transfer or dispose of any assets. Edwin Chang Dep., at 45–46. Both Mr. Chang and Mrs. Chang indicated that although they previously did not understand this restriction in the Citations, they were now cognizant of its import. *Id.;* Michelle Chang Dep., at 21.

After this meeting Guess? began to doubt the Changs' compliance with the terms of the Citation, and on June 20, 1995, obtained a turnover order from Magistrate Judge Rosemond. Based on information indicating that Mr. Chang possessed $5000 in cash, some valuable jewelry, and an "inventory of 'team jackets' valued at approximately $20,000.00–30,000.00," the magistrate judge ordered Mr. Chang to turn over all this property to Guess?. 6/20/95 Ord., at 3.[2] In addition, he ordered Michelle Chang to turnover $1000 in cash and certain pieces of jewelry. Soon

---

1. We shall refer to Magistrate Judge Rosemond's report and recommendation of August 1, 1995 as "8/1/95 Rec."

2. We shall refer to the June 20, 1995 turnover order signed by Magistrate Judge Rosemond as "6/20/95 Ord."

thereafter, the defendants retained a new attorney, and moved before this court for a stay of the turnover order and a vacation of the default judgment. We denied the motion for a stay on June 27, 1995, and directed the defendants to comply with the magistrate judge's turnover order. On August 17, 1995, we denied Edwin Chang's motion to vacate the default, but granted Michelle Chang's motion to vacate because she had never been properly served with the Amended Complaint. Although vacating the default as to Ms. Chang, we declined to disturb the June 20, 1995 turnover order, observing that the magistrate judge's concerns over the defendants' violation of the Citations had not been alleviated.[3] Ms. Chang was properly served about a week later, and now, in what can best be described as a scatter-shot approach, she has moved to either strike or dismiss the complaint, order a more definite statement, or obtain summary judgment.

In the meantime, prior to our ruling on the motion to vacate, Guess? sought an order of criminal contempt and the issuance of writs of sequestration and assistance, arguing that the defendants had failed to hand over any of the property identified in the June 20, 1995 turnover order. On July 21, 1995, two days after the motion was filed, the defendants made available to Guess? the jewelry referred to in the order, but did not deliver the $6000 in cash (claiming that they had no money) or the "team jackets" (ostensibly because they were held on consignment and were no longer in Edwin Chang's possession). After a hearing on the matter with counsel for both parties present, Magistrate Judge Rosemond issued a report and recommendation on August 1, 1995, recommending that we hold the Changs in contempt for either refusing to turnover the property identified in the June 20, 1995, or, if they no longer had the property, for violating the non-transfer provision of the March 1995 Citations. He recommended the Changs pay (1) $500 per day from June 27 (the date we

denied the defendants' motion for stay of the turnover order) to July 21 (the date the defendants turned over the jewelry), for a total of $12,000; (2) $250 per day from July 21 until they complied with the turnover order; and (3) Guess?'s attorney's fees and costs in moving for contempt. In addition, the magistrate judge recommended issuing Writs of Sequestration and Assistance to seize the Changs' Infiniti automobile and other personal possessions in order to compel compliance with the turnover order. Finally, the magistrate judge issued a Rule to Show Cause why the Changs should not be held in criminal contempt, and ordered the defendants to appear on August 16, 1995.

On August 9, 1995, Edwin Chang turned over to Guess? an inventory of jackets, pants, vests, and hats from Unique Fashions. In explaining why he did not turnover these items prior to that date, Mr. Chang claimed that he did not completely understand the turnover order of June 20, 1995.[4]

At the August 16, 1995 hearing, the Changs appeared before Magistrate Judge Rosemond and presented an affidavit outlining their expenses since March 1995, as well as a motion to exempt certain property from the Citations. The magistrate judge confirmed his August 1 finding of contempt, but continued the Rule to Show Cause on criminal contempt pending our resolution of the objections filed by the defendants to his August 1 recommendations. The court also granted the defendants' motion to exempt $7,445 in borrowed funds, and $2,000 per month in living expenses, from the Citations. Magistrate Judge Rosemond denied the remainder of the defendants' motion for exemption of personal property on August 29, 1995, finding the request untimely.

## II. Discussion

We first address the recommendation that Edwin and Michelle Chang be held in contempt of court for failing to comply with the Citations and the turnover order. We then

---

**3.** We did, however, order Guess? not to liquidate Michelle Chang's personal property until an adjudication of her personal liability had been completed.

**4.** Mr. Chang also argued that he never possessed "$20,000–$30,000 in team jackets," and that his failure to comply with the turnover order stemmed from his limited grasp of English and a misunderstanding with his attorney. Def.'s Obj. to 8/1/95 Rec., Ex. B ¶¶ 8–16.

move on to consider the objections filed in response to the various orders of the magistrate judge. Lastly, we consider the dispositive motion filed by Michelle Chang in response to the Amended Complaint.

### A. Contempt of Court

The recommendation for contempt is based on the failure of Michelle Chang or Edwin Chang to turn over three sets of items specifically referred to in the June 20, 1995 order: (1) $6000 in cash held by both Michelle and Edwin Chang, (2) various pieces of jewelry and a life insurance policy, and (3) an inventory of "team jackets" held by Edwin Chang and Unique Fashions. Neither defendant has complied with the requirement that they turn over the cash, arguing that they have expended these funds on necessities. On July 21, 1995, both defendants turned over the materials listed in the second category above, thirty-one days after ordered to do so by Magistrate Judge Rosemond, and twenty-four days after we denied a stay of the turnover order. Finally, on August 9, 1995, Edwin Chang made available to Guess? the inventory of Unique Fashions, which consisted of approximately 1,500 articles of clothing, most of which was not held on consignment but was owned by Unique Fashions.

■ Although the parties do not directly address the issue, it is necessary to consider whether the recommended finding of contempt is civil or criminal in nature. "A contempt sanction is considered civil if it 'is remedial, and for the benefit of the complainant. But if it is for criminal contempt the sentence is punitive, to vindicate the authority of the court.'" *International Union, United Mine Workers of America v. Bagwell*, — U.S. —, —, 114 S.Ct. 2552, 2557, 129 L.Ed.2d 642 (1994) (quoting *Gompers v. Buck's Stove & Range Co.*, 221 U.S. 418, 441, 31 S.Ct. 492, 498, 55 L.Ed. 797 (1911)). Characterization of contempt as civil or criminal comes not from the subjective intent of the court, but "from an examination of the character of the relief itself." *Hicks v. Feiock*, 485 U.S. 624, 635–36, 108 S.Ct. 1423,

1431–32, 99 L.Ed.2d 721 (1988). Thus, contempt sanctions of a conditional nature, in which "the contemnor is able to purge the contempt ... by committing an affirmative act," are deemed civil. *Bagwell*, — U.S. at —, 114 S.Ct. at 2558. In contrast, because fixed sanctions that are imposed for prior misconduct or disobedience are of limited coercive value, they are deemed criminal in nature. *Id.* This distinction between civil and criminal contempt has been explicitly applied to fines, and has led to a bright line rule:

> Where a contempt fine is not compensatory, it is civil only if the contemnor is afforded an opportunity to purge. Thus, a 'flat, unconditional fine' totalling even as little as $50 announced after a finding of contempt is criminal if the contemnor has no subsequent opportunity to reduce or avoid the fine through compliance.

*Id.* (citing *Penfield Co. of Cal. v. SEC*, 330 U.S. 585, 588, 590, 67 S.Ct. 918, 919, 921, 91 L.Ed. 1117 (1947)). This distinction is not simply used to perpetuate a legal taxonomy; rather, the classification of contempt as criminal or civil determines the amount of process the contemnor is due prior to an adjudication of guilt and the imposition of a sanction. *Bagwell*, — U.S. at —, 114 S.Ct. at 2556.[5]

■ Although the magistrate judge did not consider whether any of his recommended contempt sanctions were criminal, we believe some of them fit into this category. The $12,000 fine for noncompliance from June 27 to July 21 ($500 per day) was not compensatory in nature, and the Changs had no possibility of reducing or avoiding the fine by complying with the remainder of the turnover order. Rather than seeking to assist the plaintiff in obtaining a recovery, the magistrate judge appeared to recommend the sanctions in order to vindicate the authority of the court. Indeed, the magistrate judge concluded that sanctions were appropriate because the defendants "seem[ed] to be thumbing their nose[s] at the law." Tr. of 7/25/95 Hearing, at 7. Thus, we hold this sanction to be criminal in nature, and con-

5. Because "[c]riminal contempt is a crime in the ordinary sense," *Bloom v. Illinois*, 391 U.S. 194, 201, 88 S.Ct. 1477, 1481, 20 L.Ed.2d 522 (1968), a person cannot be held in criminal contempt without a myriad of constitutional protections. *Feiock*, 485 U.S. at 632, 108 S.Ct. at 1429.

clude that it could not have been imposed without the requisite procedural protections required by the Constitution. It does not appear from the record that sufficient protections were provided to the defendants in this case;[6] however, we need not define the exact contours of the defendants' procedural rights at this time. Instead, we simply decline to adopt this portion of the magistrate judge's recommendation, and remand the issue of the $12,000 in fines to the magistrate judge to consider whether to pursue this sanction in a constitutionally adequate proceeding.

■ We next address the $250 per day fine and the writs of sequestration and assistance, recommended by the magistrate judge because the Changs did not turn over the $6000 in cash they possessed at the time of the turnover order. The magistrate judge made this recommendation because *either* the defendants refused to comply with the directive of the turnover order, *or* they no longer had the money and transferred it in violation of the Citations. 8/1/95 Rec., at 3–4. If the contempt is based on the former proposition, and the defendants actually have the ability to comply with the turnover order, then the sanction is civil because it seeks to coerce their compliance. However, if the contempt is based on the latter scenario, and the defendants actually lack sufficient funds to satisfy the turnover order, then the sanction cannot be designed to coerce their compliance. Rather, its only purpose can be to punish the Changs for violating the non-transfer provisions of the Citations. As discussed above, the hearing before the magistrate judge on July 25, 1995 did not appear to comply with the constitutional requisites for a criminal proceeding. Thus, to the extent the contempt sanctions were criminal in nature, we cannot adopt the recommendation of the magistrate judge unless it is shown that the requisite procedures were provided

to the Changs.[7] However, because the magistrate judge did not specifically find that the Changs do not have sufficient assets to comply with the turnover order, we cannot ascertain whether the fine and writs were designed to compel obedience or to punish. Accordingly, we decline to adopt this portion of the recommendation, and refer the matter back to the magistrate judge for a specific finding on the ability of the defendants to turn over $6,000 in cash.

■ Finally, we consider the $250 per day fine from August 1 until August 9, when Edwin Chang eventually provided Guess? with the inventory of Unique Fashions. This sanction was civil in nature: Mr. Chang obviously had the ability to comply with this portion of the turnover order, and could have completely avoided the fine had he made the materials available to Guess? by August 1, 1995.[8] Mr. Chang argues that his noncompliance was not willful, but occurred because of a misunderstanding as to the items that were specified in the turnover order and his belief that items on consignment could not be legally seized by Guess?. This argument is unconvincing both because willfulness is not required for civil contempt, *see In re Establishment Inspection of Microcosm*, 951 F.2d 121, 125 (7th Cir.1991), *cert. denied*, 506 U.S. 815, 113 S.Ct. 55, 121 L.Ed.2d 24 (1992); *Stotler and Co. v. Able*, 870 F.2d 1158, 1163 (7th Cir.1989) (observing that civil contempt may be appropriate if party has not been " 'reasonably diligent and energetic in attempting to accomplish what was ordered' "), and because Mr. Chang could not reasonably have claimed to have misunderstood the scope of the turnover order, since the items identified in the order were based on information he provided at his deposition. In sum, after conducting a *de novo* review of the record, we are in complete agreement with

---

6. We note that "serious" contempt sanctions—such as imprisonment of more than six months or fines in excess of $10,000—may be imposed only after a jury trial. *See Doe v. Maywood Housing Auth.*, 71 F.3d 1294, 1295 (7th Cir. 1995).

7. In addition, to the extent compliance with the turnover order was not possible, thus rendering the sanctions criminal in nature, the magistrate

judge should have considered whether the Changs' noncompliance was "willful" beyond a reasonable doubt. *See Maywood Housing Auth.*, 71 F.3d at 1295.

8. Because the magistrate judge did not indicate the appropriate sanction until he issued his report and recommendation on August 1, 1995, we consider the fine to begin running on this date.

the magistrate judge that a civil fine of $250 per day was proper. Accordingly, we order Edwin Chang to pay Guess? $2000 for the eight days (August 1, 1995 to August 9, 1995) during which he was in noncompliance.[9]

### B. Objections to Orders of August 23, 25, 28

The parties next attack three rulings by the magistrate judge concerning the turnover order and the ability of the defendants to claim statutory exemptions to the Citations. On August 16, 1995, Edwin and Michelle Chang appeared with their attorney before Magistrate Judge Rosemond and presented a motion to claim exemptions from the Citations, as provided by 735 ILCS 5/2–1402(b), 5/12–1001. In this motion the defendants sought to exclude, *inter alia,* the jewelry already held by Guess? pursuant to the June 20, 1995 turnover order, $2,000 in personal property, and clothing expenses. On August 23, 1995, the magistrate judge granted the defendants' motion as to $3,445 borrowed by Edwin Chang from his mother and $4,000 advanced to the Changs from credit card companies. In addition, he permitted the defendants to continue borrowing funds to pay for necessities, up to a maximum of $2,000 per month. However, on August 28, 1995, the magistrate judge denied the remainder of the Changs' motion because their request was untimely. Meanwhile, on August 25, 1995, after we vacated the default judgment against Michelle Chang, the magistrate judge denied Michelle Chang's motion to reconsider the June 20 turnover order, finding that she had not dispelled the risk that she and her husband were disposing of assets and planning to flee the jurisdiction. The defendants now object to the partial denial of their motion to exclude property, and the denial of Michelle Chang's motion to reconsider the turnover order. Guess? objects to the partial grant of the Changs' motion to exclude property.

■ We first consider whether the motion to exclude was timely.[10] Although 5/2–1402(b) does not lay out a specific time limit for claiming exemptions, it does require citations to contain the following language:

THE JUDGMENT DEBTOR HAS THE RIGHT TO ASSERT STATUTORY EXEMPTIONS AGAINST CERTAIN INCOME OR ASSETS OF THE JUDGMENT DEBTOR WHICH MAY NOT BE USED TO SATISFY THE JUDGMENT.... THE JUDGMENT DEBTOR HAS THE RIGHT *AT THE CITATION HEARING* TO DECLARE EXEMPT CERTAIN INCOME OR ASSETS OR BOTH.

735 ILCS 5/2–1402(b) (capitalization in original, emphasis added). Mr. Chang received the Citation containing this language in March 1995, and was advised by the magistrate judge of the significance of the post-judgment proceedings during the April 6, 1995 status. Tr. of 4/6/95 Hearing, at 4–6. Mr. Chang did not assert any exemptions at that time, and indeed, he failed to claim any exemptions until his attorney filed the instant motion on August 16, 1995.[11] After consideration of the order of the magistrate judge, the objections and responses filed thereto, the parties' memoranda of law, and the facts in the record, we agree with the magistrate judge that Mr. Chang has waived his right to claim specific statutory exemptions to the Citation.

■ Nonetheless, we do not believe that the magistrate judge erred by excluding the $7,445 in loans and Mr. Chang's monthly living expenses. Based on the Fourth Affidavit of Edwin Chang, it appears that the $7,445 in loans has already been spent and

---

9. Obviously, should the magistrate judge find Mr. Chang unable to pay the $6000 referred to in the turnover order, the defendant's inability to pay this fine would not necessarily constitute a further instance of contemptuous conduct.

10. We note that although the motion was brought on behalf of both defendants, no further post-judgment proceedings are pending against Michelle Chang because the default judgment against her has been vacated. Accordingly, we consider the motion to be brought on behalf of Edwin Chang only.

11. With regard to the items identified in the turnover order, Mr. Chang even conceded in his response to the motion for contempt, filed on July 24, 1995, that this property would not be exempted from the Citations. Def.'s 7/24/95 Resp. to Motion for Contempt, at 2.

will not be recovered. Thus, exempting these funds from the Citation would not appear to undermine the plaintiff's ability to collect its judgment. With regard to the $2,000 a month exemption for living expenses, we believe that Mr. Chang should not be driven into indigency in order to satisfy the default judgment entered against him. Accordingly, we adopt the recommendations of the magistrate judge, and grant in part and deny in part the motion to exclude property.

▇▇▇ We next address whether Magistrate Judge Rosemond should have reconsidered his June 20, 1995 turnover order as it applies to Michelle Chang. To be sure, no final judgment against Michelle Chang currently exists, and the plaintiff cannot undertake further post-judgment proceedings against her without obtaining a judgment. Nonetheless, we vacated the default against her only on the condition that the personal property identified in the turnover order remain in the possession of Guess? and not be liquidated. Based on the evidence indicating that the defendants had been attempting to dispose of their assets, we concluded that such terms were "just" and appropriate under Federal Rule of Civil Procedure 60(b). *See Bennett v. Circus U.S.A.*, 108 F.R.D. 142, 149–50 (N.D.Ind.1985) (requiring defendant to post security in order to have default vacated). We still believe this to be the case, and accordingly deny Michelle Chang's motion for reconsideration.[12]

### C. Motion to Strike, Dismiss, or for Summary Judgment

Michelle Chang seeks to avoid answering the Amended Complaint against her by (1) moving to strike it for failing to comply with Rule 11, (2) moving to dismiss it for failing to comply with the service requirements of Rule 4(m), (3) moving to dismiss it for failing to state a claim and for its lack of specificity,

and (4) moving for summary judgment. We find each of these arguments unpersuasive.

▇▇▇ The Amended Complaint naming Michelle Chang was signed by Guess?'s original attorneys in this matter, Baker & McKenzie, and not by Guess?'s current counsel, Seyfarth, Shaw, Fairweather and Geraldson. Ms. Chang argues that this defect runs afoul of Federal Rule of Civil Procedure 11(a), which requires every pleading to be signed by an attorney of record. However, "in cases which do not involve the issue of sanctions for filing an unfounded motion, the failure to sign will not cause a motion to be stricken unless the adverse party has been severely prejudiced or misled by the failure to sign." *United States v. Kasuboski*, 834 F.2d 1345, 1348 (7th Cir.1987). Ms. Chang fails to allege any harm or prejudice resulting from the absence of a signature from Guess?'s current attorneys, and thus dismissal for such a technical defect would be improper. *See Stroud v. Senese*, 832 F.Supp. 1206, 1215 (N.D.Ill.1993). In order to correct the error, we direct the plaintiff—to the extent it can do so consistent with Rule 11—to file within ten days of the entry of this order a verbatim copy of the Amended Complaint signed by an attorney of record.

▇▇▇ Michelle Chang next contends that the Amended Complaint should be dismissed because it was not served on her within 120 days of its filing on October 28, 1994, as required by Federal Rule of Civil Procedure 4(m). In addition to laying down this time requirement, Rule 4(m) also states that "if the plaintiff shows good cause for the failure [to meet the 120 day deadline], the court shall extend the time for service for an appropriate period." In this case, Guess? believed that it effectuated service on Ms. Chang by serving the Amended Complaint on her husband's attorney, Mr. Hyun. Although this method of service was subsequently held to be inadequate, *Guess?*, 163 F.R.D. at 507, Guess? was not aware of this

---

12. Ms. Chang makes a fleeting reference, with no case support or analysis, to her due process rights. Because she and her attorney have failed to elaborate on the legal basis for this argument, we may consider it waived. *See Tyler v. Runyon*, 70 F.3d 458, 464–465 (7th Cir.1995) (deeming equitable tolling argument waived because liti-

gant and attorney failed to cite case law or statutory authority). In any event, the pre-deprivation citation hearing provided on April 6, 1995 clearly satisfied the constitutional requirements of *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972).

defect until Michelle Chang moved to vacate the default on June 21, 1995. After we vacated the default, Guess? promptly effectuated personal service on Michelle Chang. Accordingly, we find that Guess? has demonstrated good cause for failing to serve Michelle Chang within 120 days, and deny her motion to dismiss the Amended Complaint for untimely service.

Next, Ms. Chang seeks dismissal of the Amended Complaint because, as she reads it, the Amended Complaint alleges only that she acted as vice president of Unique Fashions. However, paragraphs 17–25 of the Amended Complaint allege numerous violations of trademark law by Michelle Chang, including the offer, sale, and distribution of items bearing counterfeit Guess? trademarks. If proven, these facts could provide Guess? with a basis for relief under the Lanham Act.[13] Accordingly, the complaint is not subject to dismissal for failing to state a claim.

Ms. Chang also seeks a more definite statement of the Amended Complaint, arguing that it merely alleges the undertaking of certain acts by "defendants," and is therefore too vague and confusing.[14] Rule 12(e) allows for a more definite statement only where the pleading "is so vague or ambiguous that a party cannot reasonably be required to frame a responsive pleading." Fed.R.Civ.P. 12(e). Motions for a more definite statement are generally disfavored, and are usually granted only when the pleading is so unintelligible that the movant cannot draft a response. *United States for Use of Argyle Cut Stone Co. v. Paschen Contractors, Inc.,* 664 F.Supp. 298, 303 (N.D.Ill.1987). Unless the claim is one that must be pled with particularity, *see* Fed.R.Civ.P. 9(b), a pleading need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed.R.Civ.P.

8(a). Under these standards we cannot conclude that the use of the term "defendants," rather than the naming of each individual defendant associated with each allegation, is so ambiguous as to require a more definite statement. Accordingly, the motion for a more definite statement is denied.

Finally, we consider whether Michelle Chang is entitled to summary judgment. To obtain summary judgment, Ms. Chang must demonstrate that there is no genuine issue of material fact and that she is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247, 106 S.Ct. 2505, 2509, 91 L.Ed.2d 202 (1986). Michelle Chang bears the initial burden of identifying "those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any' which [she] believes demonstrate the absence of a genuine issue of material fact." *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)). If she meets this burden, Guess? "must set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). When ruling on a motion for summary judgment we read the facts in a light most favorable to the nonmoving party, *Cuddington v. Northern Ind. Public Serv. Corp. (NIPSCO),* 33 F.3d 813, 815 (7th Cir.1994), and refrain from making credibility determinations, *see Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir.1992).

In moving for summary judgment, Ms. Chang contends that there is no evidence that she actually participated in the operation of Unique Fashions, and submits an affidavit in which she denies any ownership interest in the business. In response, Guess? submits a loan application which bears the signature of a "Michelle Chang" and lists her

13. To prove a violation of the Lanham Act, a plaintiff must demonstrate that its trademark may be protected, and that the relevant group of buyers is likely to confuse the alleged infringer's products with those of the plaintiff. *Forum Corp. of North America v. Forum Ltd.,* 903 F.2d 434, 439 (7th Cir.1990)

14. She also objects to the use of the present tense in the Amended Complaint, arguing that because

Unique Fashions is out of business she cannot be selling any goods. We find this argument spurious. The Amended Complaint obviously alleges Michelle Chang's involvement in the prior acts of trademark infringement at Unique Fashions, and we have difficulty imagining that Guess?'s use of the present tense perplexes either Ms. Chang or her attorney.

**382**

as a vice president of Unique Fashions.[15] Although Michelle Chang challenges the authenticity of this document, resolution of that issue is not suitable at the summary judgment stage. Viewing the evidence in a light most favorable to Guess?, we cannot conclude that Ms. Chang has satisfied her burden of demonstrating that no genuine issue of material fact remains in dispute and that she is entitled to judgment as a matter of law. Accordingly, her motion for summary judgment is denied.

### III. Conclusion

For the reasons set forth above, Guess?'s objections to the magistrate judge's order of August 23, 1995 are overruled, the defendants' objections to the magistrate judge's recommendation for contempt are overruled in part and sustained in part, and the defendants' objections to the magistrate judge's orders of August 25 and 28, 1995, are overruled. Accordingly, we grant in part and deny in part Guess?'s motion for contempt, grant in part and deny in part the defendants' motion for exemption of property, and deny the defendants' motion to reconsider the June 20, 1995 turnover order. Finally, Michelle Chang's motion to strike, dismiss, or for summary judgment is denied. It is so ordered.

15. Although *Ms. Chang* contends that this document is subject to a pending motion to strike, that motion was denied in our August 17, 1995 opinion. *Guess?*, 163 F.R.D. at 508 n. 4.