**Michele ROBB, Plaintiff**

v.

**NORFOLK & WESTERN RAILWAY CO., Defendant.**

**No. 3:94–CV–957RM.**

United States District Court, N.D. Indiana, South Bend Division.

July 24, 1996.

**346**

Gene M. Jones, Martin W. Kus, Newby Lewis Kaminski and Jones, LaPorte, IN, and Mark E. Spitzer, Browne Spitzer Herriman Browne Stephenson and Holderead, Marion, IN, for Plaintiff.

John C. Duffey and Russell H. Hart, Stuart and Branigin, Lafayette, IN, for Defendant.

## MEMORANDUM AND ORDER

MILLER, District Judge.

Judges, by and large, oppose mandatory minimum sentences because they know that when the principles that guide the exercise of judicial discretion congeal into inflexible, black-letter rules of decision, unjust results in some number of cases are inevitable. This case demonstrates that the same risk exists in civil cases, and that we judges may be as responsible as legislators for erosion of judicial discretion. Based on this judge's ten-year personal knowledge, the lead attorney for plaintiff Michele Robb is among the bar's most conscientious in following the district's rules and meeting deadlines.[1] In this case, however, he missed a filing deadline and judgment for the defendant ensued. Ms. Robb moves to vacate the judgment pursuant to Fed.R.Civ.P. 60(b). Under the law of this circuit, the court must deny the motion.

Defendant Norfolk and Western Railway Company ("NW") moved for summary judgment on December 1, 1995. Pursuant to District Rule 7.1 and the time calculation provisions of Fed.R.Civ.P. 6(a) and 6(e), Ms. Robb's response was due on December 19.

---

1. The same may be said of counsel for the defendant.

Ms. Robb's counsel, busy with other cases, contacted opposing counsel around the response deadline, and counsel agreed to an extension of time for Ms. Robb's response. Believing that the response deadline had been extended to January 8,[2] Ms. Robb's counsel proceeded with other aspects of the case. Ms. Robb responded to NW's settlement offer; depositions were noticed. Ms. Robb's counsel forgot, however, to notify the court of the agreement to extend the deadline for response to the summary judgment motion. The deadline for response to a summary judgment motion cannot be extended except by court order upon good cause shown.[3]

The final pretrial conference was scheduled for February 5, with trial set for February 20. The court, noting the impending dates and ignorant of the agreed extension, turned its attention to the apparently ripe summary judgment motion. On January 4, sixteen days after the response appeared to have been due and less than five weeks before the scheduled final pretrial conference, the court granted summary judgment to NW. Ms. Robb filed her motion to reconsider and set aside the judgment on January 9. The court heard argument on the motion on May 15, and has struggled with the issues since.

Fed.R.Civ.P. 60(b)(1) provides, "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect. . . ." The Rule's language would appear to vest a broad range of discretion in district courts. Because a grant of discretion produces a range of cases in which neither the granting nor the denial of a motion to vacate can be described as unreasonable, commentators have been confounded in efforts to synthesize rulings into simply stated rules. *See, e.g.,* 11 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, FEDER-

AL PRACTICE AND PROCEDURE: CIVIL 2D § 2858 (1995).

■■■ Apparently inconsistent rulings on such motions are to be expected and not to be condemned. Each case presents its own unique set of circumstances: the seriousness of the inadvertence or neglect, the prejudice to the judgment's beneficiary, the disruption to the court's calendar (and accompanying prejudice to others in the litigation queue), the degree of likelihood that resolution on the merits would produce the same result— all of these considerations may affect the court's exercise of discretion, and none are easily quantifiable. In candor, courts also consider the moving attorney's track record before the court. Courts rarely cite such matters in denying relief, but an attorney who regularly misses deadlines or fails to respond to motions is less likely to benefit from a discretionary ruling. For litigants to be treated differently based on their choice of counsel may seem jarring, but such an approach is not inappropriate in light of the Rule's wording: a rare lapse by an attorney may be "excusable", but the same conduct is less excusable if it is the attorney's customary way of doing business.

A long line of cases in this circuit, at the appellate and trial levels, teaches that attorney negligence does not provide a basis for relief under Rule 60(b). *See, e.g., Russell v. Delco Remy Division of General Motors,* 51 F.3d 746, 749 (7th Cir.1995); *Dickerson v. Board of Educ. of Ford Heights, Ill.,* 32 F.3d 1114, 1118 (7th Cir.1994); *United States v. 7108 West Grand Avenue,* 15 F.3d 632, 634– 35 (7th Cir.), *cert. denied,* —— U.S. ——, 114 S.Ct. 2691, 129 L.Ed.2d 822 (1994). Such language might be viewed as nothing more than the ratification (or, in the case of a district court opinion, the explanation) of a district court's denial of a Rule 60(b) motion, but for the case of *Lomas & Nettleton Co. v. Wiseley,* 884 F.2d 965 (7th Cir.1989), in which the district court was reversed for

---

**2.** Counsel for the two sides disagree as to the length of the agreed extension; the court attributes the disagreement to misunderstanding. Given the law of this circuit, the length of the agreed extension is immaterial to resolution of the motion to vacate the judgment.

**3.** District Rule 7.1 provides in part, "extensions of time shall be granted only by order of the assigned or presiding judge or magistrate for good cause shown. . . . Failure to file an answer brief or reply brief within the time prescribed may subject the motion to summary ruling."

granting a motion to set aside a judicial sale. The moving attorney failed to attend the judicial sale because he was meeting with clients and "not watching the clock." The Seventh Circuit held that the district court erred in relying upon the fact that the movant's attorney was a sole practitioner in a county seat in northern Indiana, and that an attorney's carelessness or negligence cannot constitute grounds for relief under Rule 60(b)(1). The court does not believe that *Lomas & Nettleton* can be distinguished in any intellectually honest way. By reversing the district court, the *Lomas & Nettleton* court established that consideration of the circumstances of the party's attorney falls outside the range of alternatives a district court reasonably may follow in exercising the discretion provided by Rule 60(b)(1).

It is not for this court to overrule circuit precedent, but the court notes that the Supreme Court's decision in *Pioneer Investment Servs. Co. v. Brunswick Assocs. Limited Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), seems at odds with this circuit's hard and fast rule that Rule 60(b) relief is not available where the default is attributable to attorney negligence. Though *Pioneer Investment* was decided under Bankruptcy Rule 9006(b)(1), the Court discussed the meaning of "excusable neglect" under Federal Rules of Civil Procedure 13(f) and 60(b), and discussed *Klapprott v. United States*, 335 U.S. 601, 69 S.Ct. 384, 93 L.Ed. 266 (1949), specifically with respect to Rule 60(b). In *Klapprott*, the Court distinguished "mere neglect", for which Rule 60(b) relief would not be available, from "excusable neglect", which it implicitly defined as something "far more than a failure to defend ... due to inadvertence, indifference, or careless disregard of consequences." *Id.* at 613, 69 S.Ct. at 389–90.

Thus, at least for purposes of Rule 60(b), "excusable neglect" is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence. Because of the language and structure of Rule 60(b), a party's failure to file on time for reasons beyond his or her control is not considered to constitute "neglect."

\*　　\*　　\*　　\*　　\*　　\*

This leaves, of course, the Rule's requirement that the party's neglect of the bar date be "excusable." ... [W]e are in substantial agreement with the factors identified by the Court of Appeals. Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission. These include, as the Court of Appeals found, the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer Investment*, 507 U.S. at 394–395, 113 S.Ct. at 1498 (footnote omitted).

At least one district court in this circuit has questioned the continuing validity of the Seventh Circuit's approach in light of *Pioneer Investment*. In *Guess?, Inc. v. Chang*, 163 F.R.D. 505 (N.D.Ill.1995), the court stated that "[t]he rule in the Seventh Circuit is that attorney negligence can never provide a basis for Rule 60(b) relief", but noted that it "question[ed] whether this rule is still good law after *Pioneer Inv. Servs.*", though the issue was not determinative in that case because the court "fail[ed] to see how the facts of the case lead to the conclusion that [the appellant's] neglect was 'excusable' " and because the appellant had also "failed to show prompt action to correct the default, or a meritorious defense". *Guess?*, 163 F.R.D. at 508 n. 5. Nonetheless, the Seventh Circuit's post-*Pioneer Investment* decisions have not modified the rule that attorney negligence cannot constitute "excusable neglect." *See, e.g., Matter of Plunkett*, 82 F.3d 738, 742 (7th Cir.1996) (" 'Excusable neglect' has an established meaning.... One ancillary rule is that inattentiveness to the litigation is not excusable.... Missing a filing deadline because of slumber is fatal.").

But for the line of circuit precedent discussed above, the court would vacate the judgment. The attorney's error was a minor one (he did not miss a deadline so much as he simply failed to notify of an agreed extension and seek the court's approval of the extension), and certainly did not amount to flouting the rules or ignoring the case. While the court's ruling on a one-sided record was caused by counsel's neglecting to seek the court's approval of the agreed extension, the attorney's record before the court demonstrates that this lapse was sufficiently rare to allow characterization of the neglect as "excusable." The only "prejudice" to NW would be that its summary judgment motion would face testing on its merits with due regard to Ms. Robb's evidence and arguments, rather than being decided in the absence of opposition. Nonetheless, the court is bound by circuit precedent, which this court reads as unambiguously prohibiting a grant of a Rule 60(b)(1) motion for attorney carelessness or negligence.

For these reasons, the court believes it lacks the discretion to grant the plaintiff relief under Rule 60(b)(1), and so reluctantly DENIES the plaintiff's motion (filed January 9, 1996 (# 21)) to vacate the judgment.

SO ORDERED.